Isabel Rodríguez Agostini, etc., Petitioners, *v.* Industrial Commission of Puerto Rico, etc., Respondent.

No. O-69-157.    Decided June 2, 1970.

*Luis Muñoz Rivera* for petitioners. *Emilio Delgado Roque* and *Milagros Muñiz Bou* for the Manager of the State Insurance Fund.

PER CURIAM: An employee of an insured employer died as a result of some bullet wounds on account of a fight with another fellow worker. The fight arose at the place of employment during working hours. There was no evidence about the origin of the fight nor the motives of the same. The deceased was the assailant's brother-in-law.

The Industrial Commission denied compensation on the ground that the evidence offered by the beneficiaries of the deceased worker did not establish that the death arose from

an act or function inherent to the employment, and, that it occurred in the course and as a result of the same.

On review, petitioner assigns as ground for reversal that: (a) the Commission erred in deciding that the death was not connected with the employment, since it is assumed that the worker has died in the course of the employment if the death occurs in the place of employment; (b) in concluding that there was no evidence about the motives of the fight inasmuch as if there was any doubt it should have been decided in favor of the compensation in view of the liberal spirit of the law.

We do not agree.

■ The rule concerning cases of workers' death as a result of assault on the part of third persons, as in the instant case, is to the effect that the accident is not compensable unless, by the nature and characteristics of the employment, the worker is placed in the possibility of being injured, or, that the assault is in any manner related with the employment. *Ward* v. *Typhoon Air Conditioning*, 277 N.Y.S.2d 315, 317 (1967) ; *Tiger Motor Company* v. *Winslett*, 176 So.2d 39, 43–44 (1965) ; *Hartford Accident & Indemnity Co.* v. *Cardillo*, 112 F.2d 11, 15, 16; *cert. denied*, 310 U.S. 649 (1939). See I Larson, Workmen's Compensation Law, § 11.00; VI Schneider, Workmen's Compensation, § 1560; Blair, Workmen's Compensation Law, Reference Guide, § 9.05. *Cf. Montaner* v. *Industrial Commission*, 50 P.R.R. 601 (1936) ; *Rivera* v. *Industrial Commission*, 57 P.R.R. 640 (1940).

■ The burden of the proof to establish that their case is compensable under the authority of the Workmen's Accident Compensation Act rests upon petitioners. *Vélez* v. *Industrial Commission*, 79 P.R.R. 266 (1956) ; *Heirs of Portela* v. *Industrial Commission*, 63 P.R.R. 151 (1944) ; *Bonilla* v. *Industrial Commission*, 63 P.R.R. 566 (1944) ; *Ruiz* v. *Industrial Commission*, 60 P.R.R. 223 (1942).

■ Petitioner did not discharge her obligation of proving her case but she relied on the doctrine that in case of doubt the benefit of the same should be given to the deceased worker's beneficiaries. Said doctrine is not applicable to the instant case. It is not a case of conflicting evidence where there is doubt as to the origin of the fight in which case the benefit of the doubt should be given to the deceased worker's beneficiaries. What is involved is that there was no evidence whatsoever about the origin and motives of the fight. The three witnesses who testified before the Commission, Tomás Camacho, Millie Rosado Talavera, and María Cristina Zayas, testified that they did not see how the fight occurred and that they did not know anything about the origin of the same. The Commission could not give the beneficiaries the benefit of the doubt as to a nonexistent evidence.

The case of *Cardona* v. *Industrial Commission*, 56 P.R.R. 813 (1940), as the Industrial Commission correctly indicates, is clearly distinguishable from the instant case. There it was a question of an accident that occurred during working hours when the driver of a truck called his helper to move the vehicle, when the latter did not answer, the driver moved the truck himself and ran over the helper.

The errors assigned not having been committed, the decision rendered by the Industrial Commission in this case is affirmed.

The Chief Justice did not participate herein. Mr. Justice Santana Becerra concurred in the result.