## (February 20, 1967)

In the Matter of the Claim of ZINAIDA WARD, Respondent, v. TYPHOON AIR CONDITIONING Co. et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— REYNOLDS, J. Appeal by the employer and its carrier from a decision of the Workmen's Compensation Board awarding death benefits to claimant widow and two minor children on the grounds that there is no substantial evidence to support the board's finding that death was accidental and arose out of and in the course of employment. On March 25, 1964 decedent, a 43-year-old electrician, was shot and killed by a co-worker on the employment premises. It is evident that for nearly two years preceding March 25 there had been developing a continually increasing animosity between these co-workers who worked only 30 to 40 feet apart, as a result of their employment relationship. This animosity allegedly reached the point of violence on the afternoon preceding the fatal shooting when the decedent, presumably angered because the co-worker blew dust at him with an air hose while he was on the telephone, threatend to kill the co-worker and later chased him with an iron pipe. There is thus ample evidence upon which the board could find that the altercation which resulted in decedent's death was precipitated by employment relationship. Appellants assert, however, that because the fatal shooting did not occur until the next morning the award is not sustainable under the so-called "cooling off period" doctrine. We cannot agree. In our opinion the "cooling off period" doctrine is at most an evidentiary consideration and not a rule of law. The test in determining compensability in cases such as the instant one is whether the assault results from work-connected differences or from purely personal animosity between the combatants. This is basically a factual determination for the board, and the "cooling off period" doctrine is no more than another factor for the board to weigh in evaluating the source of the hostility. Here the board could properly find that the animosity, clearly work-connected in origin, had not been transferred into a personal vendetta by the mere intervention of one night of separation. Nor do the prior cases and authorities portend a different approach; rather, in fact, they support it. Concededly Larson at section 11.13 of his treatise [Workmen's Compensation Law] suggests that there are cases which hold that even a 5- to 30-minute passage of time is deemed to transform work-connected animosity into private animosity and vengeance but Larson rejects this approach as unrealistic. Furthermore, there is no New York holding which embraces this position. Rather the cases clearly show the evidentiary nature of the doctrine as previously stated. In *Matter of Ramos* v. *Taxi Tr. Co.* (276 App. Div. 101, affd. 301 N. Y. 749) and *Matter of Pecoraro* v. *Russell-Miller Milling Co.* (9 A D 2d 992) the board found the assault was motivated purely by personal animosity, and thus despite the fact that both assaults occurred during employment, we affirmed the board's determination denying awards. Similarly in *Matter of West* v. *Piel's Brewery* (20 A D 2d 943) we affirmed as a purely factual determination the board's finding that the assault was work-connected pointing out that because of the close proximity in time between the argument and assault the board was not

required to find a " cooling off" period. Still consistently in *Matter of Jiminez* v. *Egenhauser* (16 A D 2d 720) in affirming the board's denial of an award we stated that it was a question for the board as to the nature of the animosity, work-connected or purely personal, and that the passage of time was properly a factor to be utilized by the board in determining that question. At no time in either *West* or *Jiminez* did we suggest that the " cooling off period" doctrine was an absolute rule of law. Lastly we must discuss *Matter of Schneck* v. *Piel's Brewery* (11 A D 2d 826), the case most heavily relied on by appellants. In *Schneck* claimant, a truck driver, and his helper got into an argument over the manner in which the empty cases were loaded on the truck. A fight started, but the two broke off and agreed to drive to a quiet spot some blocks away to settle the matter by a fist fight. There an off-duty policeman interceded by shooting the claimant. This court reversed the board holding that while the original argument arose out of employment, there was no substantial evidence that the injury was the " direct result of a work-connected quarrel." In doing so the court noted that the facts suggested " time for a ' cooling off period' as defined by Larson", but this statement has no more import than to suggest that the passage of time was an important factor. It does not suggest it was any more controlling than the intervention of the police or other events which went " considerably beyond the original cause of their trouble which might be associated with their employment." Additionally, we find no merit in appellants' contention that the board was required to find that decedent's death was occasioned by his willful intention to bring about the injury or death of another (*Matter of Fragale* v. *Armory Maintenance*, 24 A D 2d 302, affd. 18 N Y 2d 729). Decision affirmed, with costs to the Workmen's Compensation Board. Gibson, P. J., Reynolds, Aulisi and Staley, Jr., JJ., concur in memorandum decision by Reynolds, J.; Herlihy, J., concurs in the result.