216 Va. 77 (1975)
JOHN PATRICK GRAYBEAL
v.
BOARD OF SUPERVISORS OF MONTGOMERY COUNTY.
Record No. 741026.
Supreme Court of Virginia.
June 13, 1975.
John B. Spiers, Jr., for appellant.
Present, All the Justices.
Expressions "arising out of" and "in the course of" are not synonymous. Both conditions must be met before compensation can be awarded. Finding by Industrial Commission that injury arose out of employment is conclusive on appeal. Commonwealth's Attorney, charged with duty of exercising his authority in different places, including his own home and at various times, including evening hours, is exposed to an increased risk of injury from an atypical incident -- an assault by a revenge-seeking criminal. It would be both unrealistic and in derogation of beneficent purposes of Workmen's Compensation Act to apply a rule designed for an employment situation with fixed hours of employment, identifiable places of performance, and definable areas of risk. Statutory word "arising" given ordinary meaning of "originating". "Course of" requirement must be satisfied by a showing of an unbroken course beginning with work and ending with injury in single work-related incident. Commonwealth's Attorney's nighttime injury, from exploding bomb placed on top of his family car, no less arose in the course of his employment than if he had been shot by revenge-seeking assailant in the courtroom.
Appeal from an award of the Industrial Commission of Virginia.
( Andrew P. Miller, Attorney General; James E. Kulp, Assistant Attorney General, on amicus curiae brief for Commonwealth of Virginia.)
No brief filed or oral argument on behalf of appellee.
CARRICO
Carrico, J., delivered the opinion of the court.
In this workman's compensation case, an exploding bomb injured the claimant-employee on his residence premises at night. Although *78 finding that the claimant's injuries arose out of his employment, the Industrial Commission, with Commissioner Miller dissenting, denied compensation because the injuries did not arise in the course of employment. The claimant seeks reversal of the denial of compensation.
The claimant, John Patrick Graybeal, is Commonwealth's Attorney for Montgomery County. In April, 1968, in the course of his duties, he prosecuted Frank H. Dewease, Jr., for murder. As a result, Dewease was convicted of murder of the second degree and sentenced to serve 20 years in the penitentiary.
Thereafter, Dewease vowed revenge upon "everyone having anything to do" with his case and he expressed his desire "to get them all in the courthouse and blow it up." He especially "seemed to want to kill" the claimant. While in prison, Dewease bragged of his knowledge of bomb construction and of his ability to "get dynamite and caps after he got out."
Shortly after his release from prison, Dewease, on the night of December 4, 1973, went to the claimant's home in Christiansburg. There, he placed on the top of the claimant's family automobile, which was parked in the driveway, a "potato chip can" containing a homemade bomb.
On that same evening, the claimant worked in his office at the courthouse preparing for the next day's trial of Commonwealth cases. Completing his work at approximately 11:30 p.m., he drove home in a borrowed automobile. Upon arrival at home, he observed the can on the top of the family car. Believing the can was a toy or an item of groceries, he picked it up. The device exploded, causing the severe and disabling injuries upon which the present claim for compensation is based.
Code | 65.1-7, part of the Virginia Workmen's Compensation Act, defines a compensable accidental injury as one "arising out of and in the course of the employment." We have said that the expressions "arising out of" and "in the course of" are used conjunctively and are not synonymous. Both conditions must be satisfied before compensation can be awarded. Southern Motor Lines Alvis, 200 Va. 168, 170, 104 S.E.2d 735, 737 (1958); Dreyfus & Co. Meade, 142 Va. 567, 569, 129 S.E. 336 (1925).
As has been noted, the Commission found that the claimant's injuries arose out of his employment. On appeal, that finding is conclusive. Whether the injuries arose in the course of employment is the sole, and novel, question for decision. *79 
In holding that the claimant's injury did not arise in the course of his employment, the Commission relied upon our decision in Conner Bragg, 203 Va. 204, 123 S.E.2d 393 (1962). There, we said:
}"[The] words 'in the course of' refer to the time, place and circumstances under which the accident occurred."
}[An] accident occurs in the 'course of employment' when it takes place within the period of employment, at a place where the employee may be reasonably expected to be, and while he is reasonably fulfilling the duties of his employment or is doing something which is reasonably incidental thereto." 203 Va. at 208, 123 S.E.2d at 396."
Tested by this seemingly rigid rule, the claimant's case might fail. Conner equates "arising" with "occurring." The express requirement that the injury must occur within the specified time, space, and circumstances of the employment would appear well-nigh insurmountable in the present case.
But the Conner rule was enunciated in and designed for application to a case involving the usual employer-employee relationship and the typical industrial accident. The present case involves neither the usual employer-employee relationship nor a typical industrial accident. Instead, the case involves a public officer charged with the duty of exercising his authority in different places, including his home, and at various times, including evening hours. This officer's public duties, by their very nature, expose him to an increased risk of injury from an atypical accident -- an assault by a revenge-seeking criminal who, blaming his plight upon the officer's prosecutorial activities, is apt to seek out the object of his hatred in private places at unexpected times.
It would be both unrealistic and in derogation of the beneficent purposes of the Workmen's Compensation Act to borrow from Conner and apply a rule which is designed for an employment situation with fixed hours of employment, identifiable places of performance, and definable areas of risk, but with no greater nexus between work and injury than exists in the present situation. The present case requires application of a modified rule, one sufficiently flexible to recognize the realities of the claimant's employment situation and yet rigid enough to prevent its extension to unwarranted situations.
A modified rule is permitted, we believe, by the statutory language "arising . . . in the course of the employment." An appropriate rule, limited in application, can be fashioned within the statutory language *80 merely by shifting the emphasis from the word "occurring," which is prominently employed in Conner but is not mentioned in the statute, to the statutory word "arising" and giving it the ordinary meaning of "originating." Under this rule, the claimant's injury would be held to have arisen in the course of his employment if it originated in the course of the employment.
Upon first examination, this rule might appear to constitute a blending into one single test of the dual "arising out of" and "in the course of" requirements. But the "arising out of" requirement refers to causation, only incidentally related to considerations of time and space, and must be satisfied by a showing of causal connection between work and injury. The "course of" requirement, on the other hand, refers to continuity of time, space, and circumstances, only incidentally related to causation. This requirement must be satisfied by a showing of an unbroken course beginning with work and ending with injury under such circumstances that the beginning and the end are connected parts of a single work-related incident.
Considering, then, that in the context of the present case "arising" means "originating," we believe the claimant's nighttime injury from the exploding bomb placed on the top of his family car no less arose in the course of his employment than if he had been shot by his revenge-seeking assailant in the courtroom immediately following the murder trial, or if he had been injured by a bomb triggered to explode in his office upon his return from the courtroom. The difference is in degree only and not in substance. In the realities of the present case, the course from prosecution to desire-for-revenge to injury was unbroken, constituting a single work-connected incident.
For the reasons assigned, the Industrial Commission's denial of compensation will be reversed and the case remanded for the award to the claimant of appropriate compensation.
Reversed and remanded.