**In re John David GOYNE, Debtor.**

**COUNTY OF CHESTERFIELD, Virginia, A Political Subdivision of the Commonwealth of Virginia, Plaintiff,**

v.

**John David GOYNE, Defendant.**

**Bankruptcy No. 81–02153–R.**
**Adv. No. 82–0099–R.**

United States Bankruptcy Court,
E.D. Virginia,
Richmond Division.

Dec. 13, 1982.

---

right to recover damages for injuries sustained by Raymond Rudolph Willis, Jr. at the hands of John David Goyne, the debtor herein. Goyne wilfully and maliciously attacked and injured Willis on August 19, 1980 at a fire station in Chesterfield County. Willis was a sergeant with the Chesterfield County Fire Department and on the night of August 19, 1980 he was working at a fire station in Chester as a volunteer. Willis is officially assigned to work at another fire station in the County although he often served at the Chester fire station as a volunteer. As a volunteer, Willis was governed by the same rules he functioned under as a county firefighter. Furthermore, Willis as a firefighter could be called upon at any time by his superiors to perform any duties in his line of work.

Goyne was employed by the County of Chesterfield as a firefighter for approximately one year. Willis served as one of Goyne's supervisors and Willis along with two other individuals with the Fire Department played a role in his termination from the Fire Department. Goyne's employment was terminated on the grounds of insubordination in August, 1979, approximately one year before the fight in question occurred. Goyne was discharged upon the recommendation of Willis. After Goyne's termination Willis testified he did not see Goyne again until the evening he was assaulted. Goyne testified that he saw Willis three or four times during the year in town or at shopping centers between the date of the termination and the date of the fight and at each time Willis spoke to him in a manner Goyne considered harassing. Goyne testified he never spoke to Willis.

Eugene Cox, a firefighter with the County of Chesterfield, testified that on the evening of August 18, 1980 between 9:00 and 9:30 Goyne stopped at the fire station where Willis usually worked and asked to see Willis and another firefighter who was involved in Goyne's termination. They were not present and Goyne left without any disturbance. Cox said that this encoun-

Andrew P. Kline, Asst. County Atty., Chesterfield, Va., for plaintiff.

Frank A. Porter, Chesterfield, Va., for defendant.

## MEMORANDUM OPINION

### STATEMENT OF THE FACTS

BLACKWELL N. SHELLEY, Bankruptcy Judge.

Chesterfield County, Virginia brings this action as the statutory assignee for the

ter was the first time he had seen Goyne since Goyne's termination the previous August. The next evening Goyne arrived at the fire station where Willis was working and assaulted Willis. Once Goyne struck Willis, Willis tried to retreat into the fire station, but Goyne followed kicking and hitting him. Other firefighters at the station subdued Goyne and four firefighters were necessary to pin Goyne on the floor until the police arrived. Willis suffered numerous injuries including scrapes, bruises, and a broken left jaw.

Dwayne Freidlein was a patrol officer in Chesterfield County who responded to notice of the fight. When he arrived at the scene, Goyne had been handcuffed by other police officers and was calm. Freidlein took Goyne aside and asked what had happened. Goyne told Freidlein that he had assaulted Willis in retaliation for his termination and that he was going to assault the two other firefighters responsible for his termination. When Freidlein responded he would run the risk of going to jail if Goyne followed through with these threats, Goyne stated that he did not care.

Goyne testified that neither did he seek out Willis the evening of August 18 nor did he see Eugene Cox that evening. He further testified that he did not tell officer Freidlein that he planned to assault the two other individuals responsible for his termination. Goyne testified that on the evening of the assault, he was driving by the fire station and Willis made an obscene gesture as he passed by. Goyne said he thereupon got out of his truck and assaulted Willis. Willis denied making any obscene gesture.

On October 15, 1980, Goyne pled guilty to the offense of assault in criminal proceedings in the General District Court of Chesterfield County on charges relating to his fight with Willis. As a result of the fight between Goyne and Willis, the County of Chesterfield paid $3,167.37 in medical payments and $1,777.84 in workmen's compensation benefits to and on behalf of Willis.

## CONCLUSIONS OF LAW

This Court must first determine whether Chesterfield County was legally obligated to pay Willis workmen's compensation benefits on account of the injuries he received at the hands of Goyne. If the Court concludes Chesterfield County properly paid the workmen's compensation benefits, then Chesterfield County as Willis' employer is subrogated to Willis' rights to recover damages which Willis has against any other party for his injuries. *Va.Code Ann.* § 65.1–41.

█ Pursuant to *Va.Code Ann.* § 65.1–7 an award of workmen's compensation benefits is proper when an employee is injured by accident or occupational disease or "... arising out of and in the course of the employment ...." *See, Southern Motor Lines Company v. Alvis,* 200 Va. 168, 104 S.E.2d 735 (1958). The term "injury by accident" includes those injuries which result from a wilful and intentional assault by a third party on an employee. *Continental Life Ins. Co. v. Gough,* 161 Va. 755, 172 S.E. 264, 266 (1934).

█ The "arising out of employment" and "course of employment" tests are different and independent tests and courts must apply them separately to each situation. *Fouts v. Anderson,* 219 Va. 666, 250 S.E.2d 746, 748 (1979). The phrase "arising out of" refers to the origin or cause of the accident. *Id.* The Virginia Supreme Court has concluded that "an injury arises out of the employment 'when there is apparent to the rational mind upon consideration of all the circumstances, a causal connection between the conditions under which the work is required to be performed and the resulting injury'." *Brown v. Reed,* 209 Va. 562, 165 S.E.2d 394, 397 (1969) citing *In re McNicol,* 215 Mass. 497, 102 N.E. 697 (1913). Virginia courts liberally construe this phrase in order to effectuate the humane purposes of the workmen's compensation acts. *Cohen v. Cohen's Department Store,* 171 Va. 106, 198 S.E. 476, 477 (1938).

█ There is a clear causal connection between Willis' position as fireman and the injuries he suffered as a result of the attack. Willis along with two other individu-

als employed by the Chesterfield County Fire Department played a role in the termination of Goyne's employment. On the evening of the assault Goyne told a police officer that he attacked Willis in retaliation for the termination and that he intended to assault the other two firefighters who also were responsible for that termination. Although Goyne may have seen Willis several times during the intervening year, Willis never saw Goyne during that time period and did nothing to further any antagonism which may have resulted from the termination. Goyne clearly sought out Willis for the purpose of inflicting physical harm on him in retaliation for the firing the preceding year. The risk of suffering a physical attack on account of terminating a subordinate's employment is an ordinary risk incidental to a superior's employment. *Southern Motor Lines Company,* 104 S.E.2d at 738.

In *Thornton v. Chamberlain Manufacturing Corporation,* 62 N.J. 235, 300 A.2d 146 (1973), the New Jersey court faced facts similar to those which this Court faces today. In *Thornton,* a foreman's reports to his employer were instrumental in the termination of an employee's employment. Nine days after that termination the employee attacked Thornton and Thornton suffered a loss of vision in his right eye. The New Jersey Supreme Court concluded that the attack had its genesis in Thornton's employment and the court found a causal connection between those injuries and Thornton's performance of his duties. Although Thornton was not at work at the time of the attack, the court granted compensation because "... the injuries were caused in every realistic sense by petitioner's exposure at work." *Thornton,* 300 A.2d at 149.

This Court also concludes that Willis' injuries arose in the course of his employment with the Chesterfield County Fire Department. The "course of employment" requirement refers to "continuity of time, space, and circumstances, only incidentally related to causation." *Graybeal v. Board of Supervisors of Montgomery County,* 216 Va. 77, 216 S.E.2d 52, 54 (1975). Originally, the Virginia court held

"... that an accident occurs in the 'course of employment' when it takes place within the period of employment, at a place where the employee may be reasonably expected to be, and while he is reasonably fulfilling the duties of his employment or is doing something which is reasonably incidental thereto."

*Conner v. Bragg,* 203 Va. 204, 123 S.E.2d 393, 396 (1962). In *Graybeal,* the Virginia court noted that the Conner rule was "... designed for an employment situation with fixed hours of employment, identifiable places of performance, and definable areas of risk ...." The *Graybeal* court adopted a flexible, modified rule in order to recognize the realities of non-industrial types of employment situations. The court held "[t]his [course of employment] requirement must be satisfied by a showing of an unbroken course beginning with work and ending with injury under such circumstances that the beginning and the end are connected parts of a single work-related incident." *Graybeal,* 216 S.E.2d at 54.

Graybeal served as the Commonwealth's Attorney for Montgomery County, Virginia. In 1968 he successfully prosecuted Frank Dewease for murder. Dewease vowed to avenge his conviction and shortly after his release from prison in 1973 he placed a bomb on Graybeal's car which resulted in Graybeal's injury. The court concluded that this injury, although incurred five years after Dewease's conviction and at Graybeal's home, arose in the course of his employment. The Virginia rule, which is the better rule of law, has been cited approvingly by several other courts. *See, Strother v. Morrison Cafeteria,* 383 So.2d 623 (Fla.1980); *Bearshield v. City of Gregory,* 278 N.W.2d 166 (S.D.1979); *State Compensation Insurance Fund v. Workers' Compensation Appeals Board of the State of California,* 174 Cal.Rptr. 447 (Cal.App.1981); see also, 1A Larson, *Workmen's Compensation Law,* § 29 et seq. (1979).

The instant case is strikingly similar to that faced by the Virginia Supreme Court

in *Graybeal.* In the instant case, Willis' involvement in the termination of Goyne's employment was the act out of which the injury ultimately arose. Goyne's statements to Freidlein confirm the termination resulted in the attack. Finally, from the facts at hand it appears there was "an unbroken course" beginning with the termination and ending with the assault. No incidents intervened to convert this matter to a personal feud.

The intervening lapse of time is immaterial when no other personal elements contribute to the incident. *See, Augelli v. Rolans Credit Clothing Store,* 33 N.J. 146, 109 A.2d 439 (1954). In *Augelli,* two automobile drivers, who were strangers, were involved in a short battle of words over a driving incident. Five weeks later upon a coincidental meeting of the two drivers one of the drivers was assaulted by the other. The court concluded the five week interlude was immaterial.

> "The basic problem remains, whether the employment originated controversy was the cause or a contributory producing cause of the ultimate assault....
>
> Although the time element is a definite factor for consideration, it is secondary to the principal or controlling factor, that is, the relation between the attack and the employment.... [T]he victim in the case like the present one has no control over the interval between the two incidents. The control is in the mind of the aggressor. That he nursed a grudge of employment-related origin for an inordinate length of time ought not to militate against recovery by his victim."

*Augelli* at 441. *See also, Ward v. Typhoon Air Conditioning,* 27 A.D.2d 785, 277 N.Y. S.2d 315 (1967).

Goyne contends the attack did not arise out of Willis' employment, but instead was motivated by personal factors not connected with his termination. Goyne testified at trial that he encountered Willis four times during the course of the intervening year and that at each time he felt Willis was ridiculing him. Goyne's self-serving testimony is offset by Willis' statements that he never saw Goyne during the course of that year and by Officer Friedlien's statements that Goyne told him shortly after the assault that the termination of his employment was the reason for the assault.

Goyne also contends that Sergeant Willis' injuries did not arise in the course of his employment, because at the time he was assaulted he was a volunteer at the fire station. The location of the assault is irrelevant to the decision reached by this Court today. Although Willis was a volunteer at the fire station at the time he was assaulted, he was on call and subject to the control of his supervisors. Because the assault is directly connected to an earlier work related event, this Court need not decide whether Willis' position as a volunteer at the fire station at the time he was assaulted entitled him to workmen's compensation benefits.

■ A debt incurred from an action based upon a wilful and malicious injury by the debtor to another person may be nondischargeable in bankruptcy. 11 U.S.C. § 523(a)(6). The word "wilful" means deliberate or intentional. *See,* H.R.Rep. 95–595, 95th Cong., 1st Sess., 363 (1977), U.S. Code Cong. & Admin.News 1978, p. 5787. The evidence at bar clearly shows that Goyne intentionally assaulted Willis and that Willis' injuries resulted from that act. That debt now owed Chesterfield County by virtue of the subrogation provisions of *Va. Code Ann.* § 65.1–41 is nondischargeable in bankruptcy.

An appropriate Order will issue.