**Salem**

KENNETH W. MULLINS

v.

WESTMORELAND COAL COMPANY

No. 0876-89-3

Decided May 8, 1990

COUNSEL

Jon L. Duncan (Stephen A. Vickers, on brief), for appellant.

H. Ashby Dickerson (Suzan E. Moore; Penn, Stuart, Eskridge & Jones, on brief), for appellee.

OPINION

**MOON, J.**—Kenneth W. Mullins appeals an Industrial Commission decision denying him benefits for an injury he sustained on the employer's premises while playing basketball before work. We affirm the decision of the Industrial Commission because we find, as a matter of law, that the injury did not arise out of the employment.

On August 26, 1988, prior to the commencement of his work shift, the claimant broke his right ankle while playing basketball on the employer's premises. Approximately three weeks before his injury, Westmoreland Coal Company, at the union's request, put up a basketball goal on its premises for its employees to use when not working. Claimant, along with other employees, played at the

goal routinely before work. One week before the accident, the employer put up a sign that read, "Shooting only, no one on one." A game of one on one is more rigorous than basketball shooting and is thus more likely to result in injury. When the claimant broke his ankle, he was playing "two on two," which is not "shooting only."

Prior to the deputy commissioner's hearing, counsel for the employer advised by letter that it intended to raise the "willful misconduct defense." Code § 65.1-38(4). The employer's letter asserted that the misconduct was participation in a "two on two" basketball game in violation of a safety rule. The basis of this assertion was the sign posted at the basketball court that read, "Shooting only, no one on one." However, at the hearing before the deputy commissioner, the employer did not raise the willful misconduct defense but relied upon the defense that the accident did not arise out of and was not in the course of claimant's employment. The deputy commissioner denied benefits on this basis.

Claimant appealed to the full commission, which reversed the deputy commissioner's finding that the accident did not arise out of the employment but denied benefits on the ground that claimant willfully violated a safety rule. On appeal, the employer concedes that the evidence was insufficient to establish that the sign saying, "Shooting only, no one on one" was a safety rule adopted by the employer, the violation of which would bar recovery pursuant to Code § 65.1-38(4). Therefore, we will not consider that issue even though it served as the basis for the commission's ruling.

The majority view is that "[r]ecreational or social activities are within the course of employment when . . . [t]hey occur on the premises during a lunch or recreation period as a regular incident of the employment." 1A A. Larson, *The Law of Workmen's Compensation* § 22.00, at 5-82 (1985). However, the mere fact that an injury occurs on the premises, even if during the course of the employment, does not make it compensable in Virginia. *County of Chesterfield v. Johnson*, 237 Va. 180, 376 S.E.2d 73 (1989). Virginia is not a "positional risk" jurisdiction in which an accident is compensable solely because it arises in the course of employment. Virginia is an "actual risk" jurisdiction in which an accident, to be compensable, must also arise out of the employment. *Id.* at 185, 376 S.E.2d at 75-76.

 Whether an accident arises out of employment is a mixed question of law and fact and is thus reviewable upon appeal. *American Furniture Co. v. Graves*, 141 Va. 1, 13-14, 126 S.E. 213, 216 (1925). If the employment exposes the worker to the activity which causes the accident, the accident generally will be deemed to have arisen out of the employment. *Park Oil Co. v. Parham*, 1 Va. App. 166, 169, 336 S.E.2d 531, 533 (1985). However, the claimant must show a causal connection between the injury and the conditions under which the employer requires the work to be done. *See Johnson*, 237 Va. at 185, 376 S.E.2d at 76. When a claimant "incurs dangers of his own choosing which are altogether outside of any reasonable requirement of his position, the risk arising from such action is not incident to and does not arise out of the employment." *Conner v. Bragg*, 203 Va. 204, 209, 123 S.E.2d 393, 397 (1962).

For recreational injuries to be compensable, Professor Larson states "the activity must be shown to have achieved some standing as a custom or practice either in the industry generally or in this particular place." 1A A. Larson, *The Law of Workmen's Compensation* § 22.12, at 5-89 (1985). He further states that the activity must be an "accepted and normal" one, since only then does it become a regular incident and condition of the employment. *Id.* at § 22.11. We find no appellate case in Virginia which has decided this issue. In *Mabe v. Visador Co.*, 59 O.I.C. 178 (1980), the Industrial Commission held that if "claimant had been participating in horseplay or had violated a work or safety rule known to the claimant and enforced by the employer, this case would still be compensable in that the activity was known to the employer and nothing was done to stop the practice." *Id.* at 179-80.

 We hold that an injury sustained as a result of recreational activity arises out of employment only when the activity is an accepted and normal activity within the employment. We further find that the claimant's playing "two on two" basketball was not an accepted and normal activity at the place of employment. No evidence was presented that "two on two" basketball was a "normal" activity at the work place and none was presented that it was "accepted." To the contrary, claimant testified that his employer neither required him to report to work prior to the beginning of his shift nor to participate in playing basketball. He admitted that he knew the employer had recently put up the sign

directing that he not play basketball in the manner that led to his injury. Claimant's injury was the direct result of his taking a risk of his own choosing, independent of any employment requirements, and one that was not an accepted and normal activity at the place of employment. Although the employer agreed that there was no "safety rule" violation in this case, the finding of the Industrial Commission that claimant willfully and knowingly disregarded the sign directing him not to play one-on-one basketball, is a finding of fact which supports the conclusion that claimant's activity was not an "accepted and normal" part of his employment.

Therefore, we hold that claimant's injury did not arise out of his employment and the decision of the Industrial Commission is affirmed for the reasons herein stated.

*Affirmed.*

Koontz, C.J., and Willis, J., concurred.