993 F.2d 410
 125 Lab.Cas. P 35,815
 The Estate of Bernard C. KIMMELL, through his
co-representatives Margaret and David KIMMELL and
Virginia Jones, Plaintiffs-Appellants,
and
Virginia Jones, Administratrix of the Estate of Bernard
Cameron Kimmell, Plaintiff,
v.
SEVEN UP BOTTLING COMPANY OF ELKTON, INCORPORATED, Defendant-Appellee,
and
Clark Material Systems Technology Company, formerly known as
Clark Equipment Company, d/b/a C.E.C. & Clark; Homestead
Materials Handling Company; Jefferds Corporation; Potomac
Industrial Trucks; Cumberland Clarklift; Clarklift of
Virginia; Richmond Clarklift, Defendants.
 No. 91-1878.
 United States Court of Appeals,
Fourth Circuit.
 Argued Feb. 3, 1993.
Decided May 18, 1993.
 
 1
 Eric Busch, Mayerson, Munsing, Corchin, Rosato & Ostroff, P.C., Spring City, PA (Peter N. Munsing, on brief), for plaintiff-appellant.
 
 
 2
 Robert Mark McAdam, Wooten & Hart, P.C., Roanoke, VA (David B. Hart, on brief), for defendant-appellee.
 
 
 3
 Before ERVIN, Chief Judge, HAMILTON, Circuit Judge, and WARD, Senior United States District Judge for the Middle District of North Carolina, sitting by designation.
 
 OPINION
 HIRAM H. WARD, Senior District Judge:
 
 4
 This diversity case raises an issue under the Virginia Workers' Compensation Act, Va.Code Ann. § 65.1-1 et seq. (Michie 1987) (recodified as Va.Code Ann. § 65.2-100 et seq. (Michie 1992)) ("Act"). The issue is whether the exclusivity provision of the Act would preclude a minor employee's estate from maintaining a common law negligence action against the deceased minor's employer. We hold that the Act bars such an action and therefore affirm the district court.
 
 I.
 
 5
 The facts of this case are not in dispute. Defendant, Seven-Up Bottling Co. of Elkton, Inc. ("Seven-Up"), hired plaintiff's decedent, Bernard Kimmell ("Kimmell"), when he was fifteen years old to work at its plant in Elkton, Virginia. Kimmell worked at the plant as a forklift driver. Such employment violated section 40.1-100 of the Code of Virginia, the Fair Labor Standards Act, 29 U.S.C. § 212 (Supp. V 1987) ("FLSA") relating to the employment of minors, and FLSA Order No. 7, 29 C.F.R. § 422.7 (1987) relating to operation of forklifts by minors under eighteen years of age. Additionally, the forklift Kimmell operated was found to be in violation of the Occupational Safety and Health Act, 29 U.S.C. § 651 et seq. (Supp. V 1987). In short, defendant illegally employed Kimmell for a job function that violated a safety standard, using equipment that violated other safety standards.
 
 
 6
 Shortly after being hired, Kimmell was killed when the forklift he was operating at defendant's plant tipped over and crushed him. In the fall of 1990, Kimmell's estate brought, inter alia, a common law negligence claim against defendant alleging that defendant knowingly, willfully, and recklessly permitted this accident, knowing there was a risk of severe injury or death that was likely to result, and that defendant allowed this activity over a protracted period of time. (J.A. 20-27). Defendant filed a Motion to Dismiss which the district court treated as a motion for summary judgment pursuant to Rule 12 and Rule 56 of the Federal Rules of Civil Procedure. After argument, the court ruled from the bench finding that plaintiff's common law negligence claim was barred by Virginia's Workers' Compensation Act. This appeal followed.
 
 II.
 
 7
 A. The Applicable Legal Standard for Summary Judgment
 
 
 8
 Under Rule 56 of the Federal Rules of Civil Procedure, summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). The party moving for summary judgment has the initial burden of showing that no genuine issue of material fact exists and that the moving party is entitled to judgment as a matter of law. Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). After the movant has met this burden, the non-moving party may not rest on its pleadings, but must come forward with specific facts showing that evidence exists to support its claims and that there is a genuine issue for trial. Id. at 324, 106 S.Ct. at 2553.
 
 
 9
 In ruling on a motion for summary judgment, a court must believe the evidence of the non-movant, and all justifiable inferences must be drawn in the non-movant's favor. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255, 106 S.Ct. 2505, 2513, 91 L.Ed.2d 202 (1986). However, in a case where "the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial' " and summary judgment is proper. Matsushita Electric Industrial Co. v. Zenith Radio Corp., 475 U.S. 574, 587, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986) (quoting First Nat'l Bank of Arizona v. Cities Serv. Co., 391 U.S. 253, 289, 88 S.Ct. 1575, 1592, 20 L.Ed.2d 569 (1968)).
 
 
 10
 B. Applicability of the Virginia Workers' Compensation Act
 
 
 11
 On January 10, 1991, the district court granted defendant's Motion to Dismiss which the court had treated as a motion for summary judgment. Upon the undisputed facts, the district court concluded that: (1) there was an employer/employee relationship between Kimmell and defendant; (2) Kimmell was killed in an "accident" as defined by the Act; (3) the accident arose out of and in the course of Kimmell's employment; and (4) under the law of Virginia, the Act provided the exclusive remedy available to plaintiff. (J.A. 244-49). Further, the court found that even though the employment contract between Kimmell and defendant was illegal because of Kimmell's infancy, the law of Virginia made it clear that Kimmell was still subject to the terms of the Act. (J.A. 248).
 
 
 12
 Former Va.Code Ann. § 65.1-40 (Michie 1987) (recodified as Va.Code Ann. § 65.2-307 (Michie 1992)) states:
 
 
 13
 The rights and remedies herein granted to an employee when he and his employer have accepted the provisions of this Act respectively to pay and accept compensation on account of personal injury or death by accident shall exclude all other rights and remedies of such employee, his personal representative, parents, dependents or next of kin, at common law or otherwise, on account of such injury, loss of service, or death.
 
 
 14
 Under this section of the Act, "an employee is precluded from maintaining a common law action against his employer for an injury sustained in the course of employment when he and his employer have accepted the provisions of the [Act]." Slusher v. Paramount Warrior, Inc., 336 F.Supp. 1381, 1383 (W.D.Va.1971) (quoting Veale v. Norfolk & Western Ry. Co., 205 Va. 822, 139 S.E.2d 797 (1965)).
 
 
 15
 In order for former section 65.1-40 to apply in the instant case, the evidence must establish that an injury by accident arose out of and in the course of employment as provided for in former section 65.1-7. Ferrell v. Beddow, 203 Va. 472, 474, 125 S.E.2d 196, 199 (1962). Additionally, there must have existed an employer/employee relationship at the time of the injury. Stover v. Ratliff, 221 Va. 509, 511, 272 S.E.2d 40, 42 (1980).
 
 
 16
 An accident arises out of the employment when the origin or cause of the injury relates to the employment. Metcalf v. A.M. Express Moving Systems, Inc., 230 Va. 464, 468, 339 S.E.2d 177, 180 (1986). There must also be a causal connection between the employee's injury and the conditions under which the work is to be performed. Id. An accident occurs in the course of employment when it takes place within the period of employment, at a place where, from the nature of the work, the employee may be reasonably fulfilling the duties of his employment or is doing something which is reasonably incidental to his employment. Graybeal v. Board of Supervisors, 216 Va. 77, 79, 216 S.E.2d 52, 54 (1975).
 
 
 17
 Here, it is undisputed that Kimmell was an employee of defendant and that he sustained his fatal injuries while operating a forklift during the course of his work on defendant's premises. However, plaintiff asserts that because Kimmell was a minor, the employment contract between Kimmell and defendant was illegal. Therefore, according to plaintiff, Kimmell never "accepted" the provisions of the Act and therefore should not be subject to any provisions found therein.
 
 
 18
 We are unpersuaded by plaintiff's argument. In Nolde Brothers, Inc. v. Chalkley, 184 Va. 553, 35 S.E.2d 827 (1945), the Virginia Supreme Court held that a minor working in violation of the State's child labor laws is still an "employee" entitled to the benefits of the Act. Although an older case, Nolde is directly on point and still good law in Virginia. Thus, pursuant to Nolde, we hold that the Act applies to Kimmell's employment with defendant.
 
 
 19
 Plaintiff also contends that even if the Act is applicable, Kimmell did not die as a result of an "accident" as defined by the Act. This is so, plaintiff argues, because defendant knowingly hired plaintiff (a minor) to perform an illegal task (operation of a forklift) on a machine that defendant maintained in an illegal condition. According to plaintiff, such willful acts amount to an "intentional tort" by defendant that is not an "accident" as defined by the Act. Plaintiff believes that because of this so-called "intentional tort" exception, it should be able to look beyond the Act for a remedy in this case.
 
 
 20
 This argument, too, is unpersuasive. While it is true that some jurisdictions have adopted an "intentional tort" exception to the exclusivity provisions found in their workers' compensation statutes, the Supreme Court of Virginia has specifically declined to do so. See Haddon v. Metropolitan Life Ins. Co., 239 Va. 397, 389 S.E.2d 712 (1990). Therefore, because we must follow Virginia law as the law of the forum state, we are precluded from applying such an exception in this case.
 
 
 21
 We have examined the evidence in the light most favorable to plaintiff and determined that there exist no genuine issues of material fact as to whether plaintiff may assert a common law negligence claim against defendant in this matter. Clearly, plaintiff may not do so. Accordingly, we hold that the district court properly granted summary judgment in favor of defendant and that judgment is hereby
 
 
 22
 AFFIRMED.