COURT OF APPEALS OF VIRGINIA


Present:  Judges Annunziata, Bumgardner and Clements
Argued at Alexandria, Virginia


TERRANCE DELON SLEMMONS
                                  MEMORANDUM OPINION* BY
v.   Record No. 2548-00-4      JUDGE RUDOLPH BUMGARDNER, III
                                        MAY 8, 2001
PRINCE WILLIAM COUNTY POLICE DEPARTMENT


          FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

              James E. Swiger (Swiger & Cay, on briefs),
              for appellant.

              Angela Lemmon Horan, Senior Assistant County
              Attorney (Sharon E. Pandak, County Attorney,
              on brief), for appellee.


     Terrance D. Slemmons appeals the denial of benefits for

injuries sustained in a motor vehicle accident.  The Workers'

Compensation Commission found the accident did not arise out of

and in the course of his employment.  The employee contends the

commission erred when it concluded the special errand rule did

not apply.  Finding no error, we affirm.

     The employee was a patrol officer who normally worked from

4:00 p.m. to 2:00 a.m.  At the end of a shift, he arrested two

persons and appeared before a magistrate to obtain felony

warrants.  The magistrate did not issue the warrants at that

_____

     * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

time but told the employee "to come back at 3:00 p.m. the next day."  The employee's next shift began at 4:00 p.m.

That afternoon, the employee left his home around 2:10 p.m. intending to return to the magistrate's office.  The office was in the same building as the police department, and the ten-mile trip took about twenty minutes.  The employee rode his personal motorcycle, wore plainclothes, and carried his badge, weapon, vest, and documents related to the warrants.  While en route, a car hit his motorcycle and he sustained serious and permanent injuries.

The deputy commissioner ruled the injury did not arise out of and in the course of the employment and the special errand rule did not apply.  The deputy found "the claimant was not charged with a required task or duty connected to his employment, nor was he performing a special errand for a supervisor when the accident occurred."  The commission affirmed the deputy's decision.  The employee contends the commission erred because he was performing a special errand for the magistrate.

Injuries sustained in an accident are compensable only if they arise out of and in the course of the employment.  Mullins v. Westmoreland Coal Co., 10 Va. App. 304, 306, 391 S.E.2d 609, 611 (1990).  Injuries sustained by an employee going to or from work are generally not compensable.  Provident Life & Acc. Ins. Co. v. Barnard, 236 Va. 41, 45, 372 S.E.2d 369, 371 (1988).

-

There are three recognized exceptions: (1) the employer provides the means of transportation or pays for the travel time, (2) the way used is the sole means of ingress and egress, and (3) the employee is charged with a task while on his way to or from work. Sentara Leigh Hosp. v. Nichols, 13 Va. App. 630, 636, 414 S.E.2d 426, 429 (1992) (en banc). Only the third exception can apply to this case.

The employee has the burden of proving an exception applies. Id. at 636, 414 S.E.2d at 430. He contends that cooperating with the magistrate's office was an essential part of his role as a police officer. He believed he had to, or should, comply with the magistrate's request to return at 3:00 p.m. However, he conceded his supervisor had not instructed him to do so, the department wanted police officers to go to the magistrate's office during their normal duty hours, and he was not engaged in any law enforcement activity at the time of the accident.

The deputy determined that the magistrate merely "advised" the employee to return at 3:00 p.m. The magistrate had no supervisory role over the employee, and the police department did not order its employees to report to the magistrate, although it did promote cooperation with the magistrate's office. The employee did not seek authorization to report to work early to obtain the arrest warrant from the magistrate. If the employee had made a request, his supervisor would have

-

encouraged the officer to wait until he was on duty.  No evidence suggested the employee would have suffered any repercussions if he had reported to the magistrate at 4:00 p.m. The employer did not pay him overtime for coming in early and did not compensate him for mileage.

The employee relies upon Harbin v. Jamestown Village Joint Venture, 16 Va. App. 190, 428 S.E.2d 754 (1993).  In that case, the employee sustained injuries while en route to a business meeting.  This Court held the injuries were compensable because the employee's supervisor directed him to attend the meeting. In this case, the employee was not acting under an order of his employer.

In oral argument, the employee argued Graybeal v. Board of Supervisors of Montgomery County, 216 Va. 77, 216 S.E.2d 52 (1975), and Thore v. Chesterfield County Board of Supervisors, 10 Va. App. 327, 391 S.E.2d 882 (1990), were authority for applying the special errand rule.  Neither case involves injuries received while coming or going to work nor the special errand rule.

In Graybeal, a bomb planted on a family car at the home of a Commonwealth's Attorney exploded and injured him.  The Commonwealth's Attorney had previously prosecuted the bomber who sought revenge for the successful murder prosecution.  The Court held the employee was in the course of the employment because the injury originated in the employment.  "The course from

-

prosecution to desire-for-revenge to injury was unbroken." 216 Va. at 80, 216 S.E.2d at 54.

In Thore, a former deputy sheriff returned to testify at a trial and suffered injuries when she fell at the courthouse. Her supervisor directed her to comply with the Commonwealth's attorney's directions, who advised her to appear and testify because she was the arresting officer and indispensable. She was required to appear at the trial at a designated time.

In the instant case, the employee was not under any supervisor's order to report to work early and had not sought permission to do so from his supervisor. He unilaterally elected to comply with the magistrate's request to appear at the magistrate's office at 3:00 p.m. He risked no repercussions if he went an hour later when his scheduled shift began. We conclude that the employee was not on a special errand while traveling to work. Accordingly, we affirm.

Affirmed.

-