Tuesday        23rd

        October, 2001.


S T G, Inc. and
 Travelers Indemnity Company,                              Appellants,

  against      Record No. 2664-00-4
               Claim No. 196-57-09

Ivan H. Tooks,                                             Appellee.

                    Upon a Rehearing En Banc

   Before Chief Judge Fitzpatrick, Judges Benton, Elder, Bray,
   Annunziata, Bumgardner, Frank, Humphreys, Clements and Agee


            Amy L. Epstein (Law Offices of Roger S.
            Mackey, on brief), for appellants.

            Andrew S. Kasmer for appellee.


        By unpublished opinion, a divided panel of this Court

reversed the decision of the Workers' Compensation Commission.

S T G, Inc. v. Tooks, No. 2664-00-4 (Va. Ct. App. June 12,

2001).  We stayed the mandate of that decision and granted

rehearing en banc.

        Upon a rehearing en banc, the stay of the June 12,

2001 mandate is lifted, and the order of the commission is

reversed in accordance with the majority panel opinion.

        Chief Judge Fitzpatrick, Judges Benton, Elder and

Annunziata dissent for the reasons set forth in the panel

dissent.

This order shall be certified to the Virginia Workers' Compensation Commission.

A Copy,

Teste:

Cynthia L. McCoy, Clerk

By:

Deputy Clerk

-

Present:  Judges Annunziata, Bumgardner and Clements
Argued at Alexandria, Virginia


S T G, INC. AND
 TRAVELERS INDEMNITY COMPANY

                                        MEMORANDUM OPINION* BY
v.   Record No. 2664-00-4         JUDGE RUDOLPH BUMGARDNER, III
                                             JUNE 12, 2001
IVAN H. TOOKS


           FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

              Amy L. Epstein (Law Offices of Roger S.
              Mackey, on brief), for appellant.

              Andrew S. Kasmer (Chasen & Boscolo, on
              brief), for appellee.


     S T G, Inc. and Travelers Indemnity Company appeal the

Workers' Compensation Commission's award of benefits to Ivan H.

Tooks.  They raise several issues, but we only address the

contention the commission erred in finding the employee's injury

arose out of his employment.  We conclude the commission erred

in that finding and reverse.  Our decision makes it unnecessary

to address the remaining issues.

     The employee was a computer network manager who updated

computer systems for the State Department.  He was receiving

on-the-job training that required him to walk from his second

floor work area to a computer training lab on the first floor.

_____

     * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

-

The staircase consisted of two sets of steps divided by a landing.  The front portion of the stair tread had a vinyl, crosshatched (skid proof) covering while the back portion was smooth.  The stairs complied with all codes and regulations.

The employee carried a three-ring notebook in his right hand while walking down the steps.  It contained his training notes and weighed under one or two pounds.  The employee walked down the first set of steps without incident.  While going down the second set, he "stumbled and fell" when his "foot got caught on the step."  The employee missed five steps, landed on his right ankle, and fell back on the stairs.

The commission affirmed the deputy's findings that the employee's injury arose out of the employment.[1]  It found the injury compensable because the employee's foot caught on the step and the binder he carried prevented him from grabbing onto the handrail.  "The claimant was carrying a binder in his right

---

[1] The deputy concluded the claim was compensable because

> there are added risks, peculiar to the claimant's employment, which created a hazard of the employment here.  First, the claimant was carrying a binder in his hands. This prevented him from grabbing the railing.  Had he been able to do so, he may well have been able to prevent the fall or, at a minimum, lessen the effects of the fall.  Additionally, his foot caught on the rubberized or textured portion of the steps. While this is not a defect in the stairs, it is not necessarily a condition to which the claimant may be equally exposed outside his employment.

-

hand, which prevented him from grabbing on to the railing when he fell.  Additionally, his foot got stuck or caught in the rubberized or textured part of the steps."  One member dissented because the claimant's statement that his "foot got caught was impeached."

Whether an accident arises out of the employment is a mixed question of law and fact reviewable on appeal.  Mullins v. Westmoreland Coal Co., 10 Va. App. 304, 307, 391 S.E.2d 609, 611 (1990).  An employee's claim is compensable if he establishes either that the stairs were defective or that there was a causal connection between the way in which the work is required to be performed and the resulting injury.  County of Buchanan Sch. Bd. v. Horton, 35 Va. App. 26, 29, 542 S.E.2d 783, 784-85 (2001); Southside Virginia Training Ctr. v. Shell, 20 Va. App. 199, 203, 455 S.E.2d 761, 763 (1995).

In Horton, the commission awarded the employee benefits for an injury resulting from a fall while attempting to descend some steps because her heel caught.  While the commission found no defect in the step upon which the employee fell, it awarded benefits because a condition of the employment caused the injury.  We reversed the commission's finding because there was no evidence that a condition of the employment caused the employee's fall.

In Shell, the employee injured herself when she fell down stairs at work and was awarded benefits.  She testified there

-

was nothing unusual about the steps, they were well lit, and did not contain any debris.  We reversed the commission's finding that the fall arose out of the employment because the steps were not defective and there was no evidence the fall resulted from a particular risk of the employment such as being hurried or distracted.

In this case, the employee did not see any debris or foreign objects and thought the steps were pretty clean.  He could recall nothing wrong with the steps.  At one point he suggested the height of the steps may have caused the fall but could not state if they were steeper than normal.  The employee noted that the second set of steps was darker than the first but was unsure if that affected his fall.  He traversed the steps twenty times a day without prior incident.

The employee presented no evidence of a defect in the steps.  His early explanations exclude any claims of defect in the steps or the maintenance of them.  At the hearing, he first mentioned his foot "caught" on the textured portion of the steps.  However, his statement only describes the step.  Nothing in that statement suggests a defect or condition that would cause a fall; nothing in the other evidence suggests it either. As in Horton, the deputy found that the rubberized or textured portion of the steps was not a defect in the stairs.  The commission made no finding that the steps were defective.

-

While the employee claims that the textured vinyl stairs was a condition that caused his fall, his testimony only stated his foot "caught" on the textured portion of the step. That testimony does no more than prove that he fell while traversing the steps. Nothing supports the deputy's finding that "it is not necessarily a condition to which the claimant may be equally exposed outside his employment." The record contains no photographs, diagrams, or samples from which to draw that inference by inspection. The decision by the commission is not based on finding that the step was defective or any facts that support such a finding.

The commission also rests it decision on the fact the employee was carrying a binder that prevented his grabbing the railing as he fell. Under the actual risk test, the employee must establish that he was at greater risk of injury as a result of his employment than the general public. Olsten v. Leftwich, 230 Va. 317, 319, 336 S.E.2d 893, 894 (1985). In order to prevail, the employee must prove a causal connection between the manner in which the employer required the work to be performed and the resulting injury.

The employee claimed carrying a binder was a condition of the workplace that caused his fall. He testified on re-direct examination, "when I was falling, I was on the right side of the stairs. I couldn't reach the left side of the handrail to stop myself and being that my right hand was already full with the

-

binder, I couldn't grab the right rail, so I fell."  No evidence indicated how carrying the binder of training notes created a danger peculiar to the workplace.  Nothing inherent in the act of negotiating steps while carrying the binder, which weighed no more than two pounds, permitted that finding.

In Marion Corr. Treatment Ctr. v. Henderson, 20 Va. App. 477, 458 S.E.2d 301 (1995), we affirmed a finding that the employee's injury arose out of his employment as a prison guard. The employee fell down steps while looking at a guard tower. His duties required him to receive an acknowledgement signal from the tower guards.  The employee had to observe the towers rather than the steps he was traversing.  "The way in which he performed this aspect of his job increased his risk of falling on this occasion and directly contributed to cause his fall and injury."  Id. at 480-81, 458 S.E.2d at 303 (citation omitted). In this case, no evidence suggested that carrying the binder was a risk greater than that faced by the general public.

Additionally, the employee's own evidence contradicts his contention that carrying the binder caused his fall.  When specifically asked if the binder caused him to fall, the employee replied, "No, it did not cause my fall, no."  As in Shell, the employee's "case can rise no higher than [his] own uncontradicted testimony."  20 Va. App. at 203, 455 S.E.2d at 763 (citation omitted).

-

The limited evidence supported neither a finding that the steps were defective nor a finding that the conditions of employment caused the accident.  Accordingly, the commission erred in concluding the injury arose out of the employment. Accordingly, we reverse the decision.

Reversed.

Annunziata, J., dissenting.

I respectfully dissent from the majority opinion reversing the commission's decision. Appellant asserts claimant failed to prove his injury "arose out of" his employment. "Whether an accident arises out of employment is a mixed question of law and fact . . . ." Mullins v. Westmoreland Coal Co., 10 Va. App. 304, 307, 391 S.E.2d 609, 611 (1990). It is well established that, upon review, this Court construes the evidence before the commission in the light most favorable to the party prevailing below. See Crisp v. Brown's Tysons Corner Dodge, Inc., 1 Va. App. 503, 504, 339 S.E.2d 916, 916 (1986). Furthermore, factual findings by the commission that are supported by credible evidence are conclusive and binding upon this Court. Rose v. Red's Hitch & Trailer Serv., Inc., 11 Va. App. 55, 60, 396 S.E.2d 392, 395 (1990). "In determining whether credible evidence exists, [this Court will] not retry the facts, reweigh the preponderance of the evidence, or make its own determination of the credibility of the witnesses." Wagner Enterprises, Inc. v. Brooks, 12 Va. App. 890, 894, 407 S.E.2d 32, 35 (1991). The fact that there is contrary evidence in the record is of no consequence if there is credible evidence to support the commission's findings. Id. In the instant case, the deputy commissioner found the injury arose from Tooks's employment based on the following findings of fact:

-

We find that there are added risks, peculiar to the claimant's employment, which created a hazard of the employment here. First, the claimant was carrying a binder in his hands. This prevented him from grabbing the railing. Had he been able to do so, he may well have been able to prevent the fall or, at a minimum, lessen the effects of the fall. Additionally, his foot caught on the rubberized or textured portion of the steps.

The full commission affirmed these findings and the conclusions of law. Applying the requisite standard of review, I would affirm the commission's decision.

To be sure, neither the deputy nor the full commission found the steps were defective. Evidence of defect, however, is not a prerequisite to an award where evidence in the record supports the conclusion that a condition of employment, such as something unusual about a step, is causally related to the injury. County of Chesterfield v. Johnson, 237 Va. 180, 186, 376 S.E.2d 73, 76 (1989) (finding there was "nothing unusual about or wrong with the steps" in question); see also Southside Virginia Training Center v. Shell, 20 Va. App. 199, 201-02, 455 S.E.2d 761, 762 (1995). In Shell, we reversed an award on the ground that "nothing in the record shows an abnormality in either the angle of the rise or the dimensions of the tread or carriage[,] a handrail is attached," and the claimant testified "the area was well lit, . . . no foreign substance on the steps caused her fall, and [] there was nothing unusual about the steps." Shell, 20 Va. App. at 201-02, 455 S.E.2d at 762; see

-

also County of Buchanan School Board v. Horton, 35 Va. 26, 31, 542 S.E.2d 783, 785 (2001) (claimant failed to prove step was defective or a condition of her employment caused the fall). The overarching principle which governs in such a case was stated by the Virginia Supreme Court in Lipsey v. Case, 248 Va. 59, 445 S.E.2d 105 (1994): "an accident arises out of the employment when it is apparent to a rational mind, under all attending circumstances, that a causal connection exists between the conditions under which the work is required to be performed and the resulting injury." Id. at 61, 445 S.E.2d at 107; see Johnson, 237 Va. at 183, 376 S.E.2d at 75; Marketing Profiles, Inc. v. Hill, 17 Va. App. 431, 434, 437 S.E.2d 727, 729 (1993).

Accordingly, I would affirm the commission's decision to award claimant benefits in this case. See Wagner Enterprises, 12 Va. App. at 894, 407 S.E.2d at 35; Rose, 11 Va. App. at 60, 396 S.E.2d at 345; see also Southern Motor Lines Co. v. Alvis, 200 Va. 168, 170-71, 104 S.E.2d 735, 737 (1958) ("[T]he phrase, 'arising out of' the employment should receive a liberal construction to effectuate the humane and beneficent purposes of the Act.").