COURT OF APPEALS OF VIRGINIA


Present:  Judges Bray, Frank and Agee
Argued at Chesapeake, Virginia


MICHAEL RAY TUTOR

                                    MEMORANDUM OPINION* BY
v.    Record No. 1258-01-1          JUDGE G. STEVEN AGEE
                                       DECEMBER 4, 2001
CITY OF NORFOLK POLICE DEPARTMENT


          FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

              Karen M. Rye (Kenneth J. Coughlan; Law Office
              of Karen M. Rye, on brief), for appellant.

              Rebecca McFerren King, Assistant City
              Attorney (Norfolk City Attorney's Office, on
              brief), for appellee.


     Michael R. Tutor (the claimant) appeals from a decision of

the Workers' Compensation Commission denying his claim for

benefits against the City of Norfolk Police Department (the

employer).  The claimant contends the commission erred in

finding the injury claimed did not arise out of and in the

course of his employment.  Finding no error, we affirm the

commission's decision.

                         I.  BACKGROUND

     As the parties are fully conversant with the record in this

case and because this memorandum opinion carries no precedential

          * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

value, only those facts necessary to a disposition of this appeal are recited.

On April 21, 1999, the claimant, a Norfolk police officer, attended a seminar conducted by the employer at his normal place of work.  The seminar began at 1:00 p.m. and lasted until 9:30 p.m., though it was scheduled to end at 10:00 p.m.  An hour dinner break began at 5:00 p.m. with the reconvening of the seminar scheduled for 6:00 p.m.  The seminar schedule clearly showed eight hours of compensable seminar time and one uncompensated hour for a dinner break -- a total span of nine hours.

The employer paid each attendee for working an eight-hour day.  Meals were not provided, and the attendees were not paid for the hour dinner break.

During the dinner break, the claimant chose to drive his personal vehicle off the employer's premises to a restaurant for dinner.  At 5:35 p.m., on the return trip to the seminar, the claimant's vehicle was struck from behind by another car and the claimant was injured.  It is for injuries sustained in this motor vehicle accident that the claimant sought benefits.

The commission found that the injuries sustained by the claimant did not arise out of or in the course of his employment, and benefits under the Workers' Compensation Act were therefore denied.  The claimant now challenges that determination.

-

## II. ANALYSIS

### A.  Standard of Review

On appeal, we view the evidence in the light most favorable to the prevailing party below, in this case the employer.  See R.G. Moore Bldg. Corp. v. Mullins, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990).  Injuries sustained in an accident are compensable only if the claimant establishes the injuries arose out of and in the course of the employment.  Code § 65.2-101; see also Mullins v. Westmoreland Coal Co., 10 Va. App. 304, 306, 391 S.E.2d 609, 611 (1990).  "Whether an injury arises out of the employment is a mixed question of law and fact and is reviewable [de novo] by the appellate court."  Plumb Rite Plumbing Serv. v. Barbour, 8 Va. App. 482, 483, 382 S.E.2d 305, 305 (1990).  However, unless we conclude that the claimant proved, as a matter of law, that his injury arose out of and in the course of his employment, the commission's finding is binding and conclusive upon us.  See Tomko v. Michael's Plastering Co., 210 Va. 697, 699, 173 S.E.2d 833, 835 (1970).

### B.  The Applicable Rule and its Exceptions

The claimant was injured as he was driving back to work after traveling to a restaurant and having dinner.  Injuries sustained by an employee going to or from work are generally not compensable.  Provident Life & Acc. Ins. Co. v. Barnard, 236 Va. 41, 45, 372 S.E.2d 369, 371 (1988).  However, there are three recognized exceptions to this "going and coming" rule:  (1) the

-

employer provides the means of transportation or pays for the travel time, (2) the way used is the sole means of ingress and egress, and (3) the employee is charged with a task while on his way to or from work. Sentara Leigh Hosp. v. Nichols, 13 Va. App. 630, 636, 414 S.E.2d 426, 429 (1992) (en banc). The claimant has the burden of proving an exception applies. Id. at 636, 414 S.E.2d at 430. The commission found that none of the exceptions applied in this case.

The claimant contends the commission failed to recognize that the first and third exceptions are applicable to his claim.[1] For the following reasons, we disagree with the claimant's contentions and affirm the commission's decision.

1. The Transportation Exception

On appeal, the claimant argues the commission failed to recognize the applicability of the first exception (commonly called the "transportation exception") to the going and coming rule. He contends the exception should apply because the employer, in effect, paid him for the time he spent on his dinner break on April 21, 1999. He reaches this conclusion because he was paid for an eight-hour day on April 21, 1999, even though the seminar ended 30 minutes early after only 7.5 hours of instruction. The claimant's position is directly

---

[1] He does not argue the second exception could apply.

-

contrary to the employer's testimony that it is standard policy not to include meal break time in a seminar attendee's pay.

We disagree with the claimant's conclusion and find his injury is not covered by the "transportation exception." First, the employer did not reimburse the claimant for his travel expenses en route to the seminar or reimburse him for mileage. Second, the employer did not provide the transportation in which the claimant traveled. Finally, the claimant was not paid for his dinner break on this particular day because he was attending a seminar instead of performing any law enforcement duty.

The claimant was attending a seminar that consisted of two, four-hour training periods, with a one-hour meal break between sessions. To participate, the claimant, who asked to attend the seminar, was required to be available for eight hours of instruction, and attendance was monitored. For attending and being available for the full eight hours, the employer deemed the claimant to have fulfilled an eight-hour day and paid him accordingly. The fact that the seminar ended 30 minutes early did not change the requirement that the claimant be available for the period of time for which he was paid.

If the employer had also paid the claimant for the time in which he went to dinner, despite its policy against this practice, the claimant would have been entitled to at least 30 minutes of overtime pay (4 hours of instruction, 1 hour for a dinner break and another 3.5 hours of instruction totaling 8.5

-

hours). The claimant did not receive overtime pay on April 21, 1999. The seminar schedule, the testimony of Lt. Galligan regarding seminar pay, and the foregoing calculation are credible evidence supporting the commission's decision that the transportation exception is not applicable in this case.

## 2. The Special Errand Rule

In the alternative, the claimant contends the commission erred in not applying the third exception (the "special errand rule") to the going and coming rule to his claim. We disagree.

In Harbin v. Jamestown Village Joint Venture, 16 Va. App. 190, 428 S.E.2d 754 (1993), we explained the "special errand rule."

> The special errand rule may be stated as follows: when an employee, having identifiable time and space limits on his employment, makes an off-premises journey which would normally not be covered under the usual going and coming rule, the journey may be brought within the course of employment by the fact that the trouble and time of making the journey, or the special inconvenience, hazard, or urgency of making it in the particular circumstances, is itself sufficiently substantial to be viewed as an integral part of the service itself.

Id. at 193-94, 428 S.E.2d at 756 (citation omitted). This exception allows for a claim for injuries where the injuries occur when an employee is traveling off of the employer's premises, "charged with some duty or task in connection with his or her employment." Blaustein v. Mitre Corp., 36 Va. App. 344,

-

355, 550 S.E.2d 336, 341 (2001) (citing Kendrick v. Nationwide Homes, Inc., 4 Va. App. 189, 191, 355 S.E.2d 347, 348 (1987)).

In the case at bar, the claimant was not on a special errand for the benefit of the employer while he traveled back to his usual place of employment to attend the last portion of the seminar. The claimant conceded that he was assigned no specific task by his employer during the meal break. Credible evidence in the record supports the commission's finding that the claimant was not engaged in an activity that arose out of his employment at the time of his traffic accident. The claimant was not tasked with any duty while on his meal break. He was free to do whatever he wished during the one-hour period when the automobile accident occurred.

In Harbin, we applied the rule where the employee sustained injuries while en route to a business meeting held away from the employer's premises. We held that the injuries were compensable because the employee's supervisor directed him to attend the off-premises meeting, putting the employee on a special errand entitling him to benefits. In the case at bar, unlike the employee in Harbin, the claimant was not required to be away from his employer's place of employment while performing a duty assigned by the employer. The evidence supports the commission's finding that the claimant was not performing any task of his employment when he was travelling off the employer's premises for dinner. Accordingly, the commission did not err in

-

finding that the special errand exception did not apply to the circumstances of this case.  Credible evidence supports the commission's decision, which we affirm.

### 3.  A Public Officer Modification to the Rules

The claimant also contends the commission failed to recognize that "the traditional rules of 'in the course of' employment do not apply to him" due to the nature of his position as a police officer.  He cites Graybeal v. Bd. of Supervisors of Montgomery County, 216 Va. 77, 216 S.E.2d 52 (1975), as authority for that position.

We must again disagree with the claimant.  Graybeal does not stand for the proposition that any injury suffered at any time by an individual serving as a public employee is compensable under the Workers' Compensation Act.  In Graybeal, a bomb planted on a family car at the home of a Commonwealth's Attorney exploded and injured him.  The Commonwealth's Attorney had previously prosecuted the bomber who sought revenge for the successful murder prosecution.  The Court held the employee was in the course of employment because the injury originated from his employment as a prosecutor.  "The course from prosecution to desire-for-revenge to injury was unbroken."  216 Va. at 80, 216 S.E.2d at 54.

In the matter at bar, the injuries suffered by the claimant have no direct nexus to his employment.  He was injured, while on a break from work, when his personal car was struck by

-

another motorist, an incident any individual is susceptible to experiencing on our public highways. "'The risk of going to lunch [or dinner] is not a risk incident to the employment, but is rather an incident of life generally.'" Dreyfus & Company, Inc. v. Meade, 142 Va. 567, 572, 129 S.E. 336, 337 (1925) (citation omitted).

Accordingly, we affirm the decision of the commission.

Affirmed.

-