RAMONA RIVERA VDA. DE VALLEJO, madre del obrero lesionado y fallecido HERMINIO VALLEJO, ET AL., recurrentes, *v.* COMISIÓN INDUSTRIAL DE PUERTO RICO, compuesta de los Sres. MANUEL LEÓN PARRA, Presidente, y F. PAZ GRANELA y JUAN M. HERRERO, Comisionados Asociados, demandada.

Núm. 208.—*Sometido:* Octubre 21, 1940. *Resuelto:* Noviembre 18, 1940.

*R. Calderón Rodríguez,* abogado de los recurrentes.

EL JUEZ PRESIDENTE SEÑOR DEL TORO emitió la opinión del tribunal.

Herminio Vallejo falleció el 17 de septiembre de 1939 a consecuencia de varias heridas de revólver que le produjera el día anterior Eduardo Font Pacheco.

Ramona Rivera viuda de Vallejo, madre de Herminio, y otras personas que alegaron que de él dependían para su sostenimiento, basándose en que la muerte se debió a un accidente del trabajo, reclamaron la indemnización correspondiente.

El 2 de noviembre, 1939, el Administrador del Fondo del Seguro del Estado ordenó el cierre y archivo del caso por entender que no era uno protegido por la Ley de Compensaciones por Accidentes del Trabajo. Fijó los hechos así:

". . . De la investigación practicada . . . aparece que Vallejo estaba desde hacía algún tiempo fuertemente enemistado con Eduardo

Font Pacheco, también inspector de Sanidad y Jefe del Distrito de Humacao. En el día de autos, Herminio Vallejo tuvo una discusión personal con Font Pacheco, frente a las oficinas del Departamento de Sanidad agrediendo a éste con las manos. Ambos sacaron sus revólveres resultando Vallejo muerto en la lucha.—De los hechos aparece que Vallejo inició la agresión.''

Apelaron los reclamantes para ante la Comisión Industrial, celebrándose la vista de ley ante ésta en abril 11, 1940. En agosto 26 siguiente la Comisión dictó su resolución que contiene un minucioso estudio de los hechos y la ley y de la jurisprudencia aplicable, y sostiene la del Administrador. Pedida reconsideración, fué negada.

Se acudió entonces ante este tribunal por medio del presente recurso de revisión. Se alega que:

''El hecho primordial que hay que tener en cuenta al resolver este caso, es que el Inspector Vallejo cuando encontró su muerte en el Departamento de Sanidad, cumplía con los deberes inherentes a su cargo y la causa que motivara el disgusto fué que en época anterior al accidente el Inspector Vallejo, en el cumplimiento de sus deberes oficiales reportó a Font, su otro compañero, ante el Departamento de Sanidad (pág. 25 del récord taquigráfico), lo que motivó la carta circular de 22 de abril de 1939, núm. 2905 (pág. 50 y 58 del récord taquigráfico).''

Hemos examinado la petición que contiene veinte y cuatro páginas a máquina y los documentos acompañados a la misma y a nuestro juicio no surge motivo justificado para la revisión que se pide.

Después de exponer en su resolución detalladamente la evidencia, se expresó así la Comisión:

''La prueba demuestra que Font Pacheco y Vallejo salieron fuera del edificio donde están las oficinas centrales del Departamento de Sanidad Insular, y, una vez en la calle se pusieron a discutir. ¿Qué discutían? No lo sabemos en realidad. Lo que la evidencia demuestra es que Vallejo en un momento inesperado agredió en la cara con la mano a Font Pacheco; que Font Pacheco se balanceó al impacto del golpe que le infligiera Vallejo; que al estar firme Font, Vallejo hizo el ademán de sacar su revólver; que Font avanzó a sacar

el suyo para defenderse, disparó y lo hirió mortalmente.—La prueba no es convincente en cuanto a que los asuntos relacionados con el trabajo de ambos fueran la causa promovente de la agresión de que fué víctima uno ni de la muerte que sobrevino al otro. Ambos eran empleados del Departamento de Sanidad y estaban bajo el control y dirección de sus jefes en dicho Departamento.—Lo que demuestra la evidencia es que Vallejo fué el que provocó la tragedia agrediendo primero a`Font Pacheco en el rostro.—Es razonable pensar que si Vallejo no hubiera agredido a Font, no hubiera ocurrido la desgracia.—Se alega por los peticionarios que la muerte de Herminio Vallejo es un accidente compensable de acuerdo con la Ley 45 de abril 18 de 1935.—La prueba ofrecida por los peticionarios no demuestra que Vallejo perdiera la vida por un accidente que le proviniera de cualquier acto o función inherente a su trabajo o empleo, y, que le ocurriera en el curso de éste y como consecuencia del mismo, . . . La evidencia, repetimos, demuestra que Vallejo provocó la agresión.''

La Comisión fijó, pues, los hechos apreciando la evidencia y nada demuestra que actuara movida por pasión, prejuicio o parcialidad o que cometiera algún manifiesto error. La prueba no sólo se expuso detalladamente como hemos dicho en la resolución de la Comisión si que en su solicitud de revisión por los mismos peticionarios y sostiene ampliamente a nuestro juicio las conclusiones de la Comisión.

Tomadas esas conclusiones como base, no encontramos que se haya cometido error alguno de derecho. Aunque se admitiera que Vallejo y Font tuvieron disgustos anteriores con motivo de la vigilancia del trabajo de Vallejo por parte de Font y de quejas que Font formulara contra Vallejo, debería llegarse siempre a la misma conclusión, atendida la forma en que se realizaron los hechos.

El caso cae dentro de la doctrina del de *Triangle Auto Painting, etc. Co.* v. *Industrial Comm.*, 346 Ill. 609, 618, 178 N.E. 886.

· En dicho caso Kolnick, obrero empleado en un taller de pintura, resultó lesionado al sostener un encuentro personal con Duncan, un coempleado. La disputa y pelea tuvieron su origen en el taller, durante horas de trabajo, y se debieron a. que Duncan quiso hacer uso de un instrumento de pintar

*(spray gun)* que había sido encomendado a Kolnick. Aparece que este último fué el agresor.

La Comisión Industrial declaró el accidente compensable y su resolución fué confirmada por la Corte de Circuito de Cook County. Apelado el caso para ante la Corte Suprema de Illinois, dicha corte revocó la resolución apelada expresándose en los siguientes términos:

"Las lesiones compensables son aquéllas que surgen de las condiciones en que se requiere al empleado que trabaje, y pueden propiamente incluir lesiones provenientes de una lucha en la cual el empleado lesionado no fué el agresor, cuando la riña ocurrió por razón del trabajo del patrono al cual estaban dedicados entonces los empleados, pero no cae dentro del espíritu de la ley el proteger a un empleado de las consecuencias de una pelea en la cual él fué el agresor, aun cuando la contienda ocurriera por motivo del trabajo de su patrono a que se dedicaban entonces tales empleados. El riesgo de la lesión en tal caso no puede decirse que es incidental al empleo sino más bien el resultado de la temeridad de tal empleado.

"Si bien es el propósito de esta corte dar una interpretación liberal a la Ley de Compensaciones a Obreros a fin de que un empleado pueda recibir todos sus beneficios, sin embargo somos de opinión que sería ir más allá de la letra y del espíritu de la ley el sostener que una lesión recibida por un agresor deliberado surge ya directamente de su empleo o es incidental al mismo. Somos por tanto del criterio que el apelado no tiene derecho a recibir compensación y que la corte de circuito cometió error al así resolver. Debe revocarse la sentencia de esa corte y dejarse sin efecto la compensación."

*La petición de revisión debe ser declarada sin lugar.*