SUCN. AVELINO PORTELA, compuesta por su viuda GLORIA MORALES y sus hijos menores JORGE y GLORIA PORTELA MORALES, representados por ésta, peticionarios, *v.* COMISIÓN INDUSTRIAL DE PUERTO RICO, ETC., demandada, y EL FONDO DEL ESTADO, representado por su Administrador R. ATILES MORÉU, asegurador.

Núm. 294.—*Sometido:* Febrero 14, 1944. *Resuelto:* Marzo 6, 1944.

158

*M. Rivera de la Vega*, abogado de la recurrente; *Hon. Procurador
General Interino M. Rodríguez Ramos y G. Benítez Gautier, Pro-
curador General Auxiliar*, y *Angel de Jesús Matos, J. Correa
Suárez, Joaquina Pérez Cordero* y *A. Sandín del Manzano*, abo-
gados los cuatro últimos del Fondo del Estado, abogados todos de
dicho Fondo.

EL JUEZ PRESIDENTE INTERINO SEÑOR TRAVIESO emitió la
opinión del Tribunal.

En la petición radicada por la viuda e hijos del obrero
fallecido, se alega que el obrero Avelino Portela, residente
en San Juan, fué contratado por la Arundel Corporation
para trabajar en la construcción de una base naval para el
Gobierno de los Estados Unidos; que el sitio en donde se
construía dicha base era insalubre e infestado de mosquitos;
y que en julio 9 de 1941, mientras trabajaba en dicha obra,
Avelino Portela sufrió la picadura de un mosquito y contrajo
malaria que le causó la muerte.

La resolución del Administrador del Fondo declarando
que el caso no era compensable fué confirmada por la Comi-
sión Industrial. Solicitada y denegada la reconsideración,
los peticionarios establecieron el presente recurso. Para sos-
tenerlo alegan que la Comisión erró al resolver que de
acuerdo con las disposiciones de la Ley núm. 45 de 1935
((1) pág. 251) el presente caso no es compensable.

La Comisión declaró como hechos probados que
Avelino Portela vivía en Vieques, salvo salidas temporeras,
y que para la fecha de su muerte hacía seis u ocho meses que

estaba viviendo en Vieques; que Portela trabajó solamente durante dos meses para Arundel Corporation, en el barrio Ventana, en Vieques, y que su trabajo era el de "time-keeper" o escribiente; que el 8 de julio Portela se sintió enfermo, con escalofríos y fiebre y lo mandaron a su casa en el pueblo de Vieques y de allí lo llevaron a Humacao, en donde falleció. Declaró el Dr. Davis que él había hecho el examen de la sangre del obrero y comprobó que se trataba de un caso positivo de malaria; que atribuye la enfermedad a la picada de mosquitos porque esa es una región palúdica donde hay muchos mosquitos; que Vieques está incluído en la zona malárica del Este y que "nadie puede decir en qué sitio y a qué hora le picó el anófeles que le causó la malaria;" y que Portela era residente de Vieques.

El Dr. García Estrada, como testigo del Administrador del Fondo del Estado, declaró que la malaria no es una enfermedad ocupacional, excepto en ciertos casos, dentro de los cuales no está comprendido el de autos. Y en apoyo de su tesis, citó el párrafo siguiente de la obra de Kessler, Edición de 1941, página 526:

"Diez y Cioffi han discutido si la malaria no debería ser considerada como una enfermedad industrial, o por lo menos clasificada como un accidente, cuando en el curso de una ocupación el obrero está expuesto a la infección malárica. Desde el momento, sin embargo, en que los trabajadores no estuvieron más expuestos que los otros habitantes de la región, la malaria no podría ser considerada como una enfermedad ocupacional."

Después de considerar la evidencia practicada, la Comisión llegó a la siguiente conclusión:

"Apareciendo del testimonio ofrecido durante el acto de la vista que la malaria, fuera benigna o maligna, no puede ser considerada como enfermedad ocupacional en Puerto Rico y menos en la zona del este, considerada como palúdica; y resultando asimismo de la evidencia que no se puede determinar si en verdad la malaria fué contraída mientras el obrero trabajaba para el patrono, Arundel Corporation, o en otro sitio distinto a aquél, y en otro tiempo ante-

rior al 8 de julio de 1941 y que la causa de la muerte, según la certifica el doctor Pressley, fué la de pulmonía doble, nos vemos obligados a concluir que la decisión del Administrador del Fondo del Seguro del Estado, de enero 16 de 1942, es correcta y debe ser confirmada.''

La jurisprudencia que hemos examinado sostiene que el daño o accidente sufrido por un obrero es compensable cuando ha sido causado por razón de la existencia de un peligro constante, inherente a y peculiar del sitio en donde el empleado estaba obligado a realizar su trabajo. *Kimbol* v. *Industrial Acc. Co.*, 173 Cal. 351; 27 Cal. Jur. §76, pág. 364. Para que el accidente sea compensable es necesario que exista una clara relación de causa y efecto entre el empleo y el daño sufrido por el obrero.

La Corte Suprema de Massachusetts en el caso de *In re McNicol*, 215 Mass. 497, 498, L.R.A. 1916A, 306, explica en forma muy comprensiva cuándo es que un accidente debe ser considerado como proveniente del empleo. Dicha corte se expresó así:

"Un daño proviene del empleo cuando resulta aparente a una mente racional, después de considerar todas las circunstancias, que existe una conexión causal entre las condiciones bajo las cuales debe realizarse el trabajo y el daño resultante. De acuerdo con esta regla, si puede verse que el daño ha resultado de un incidente natural al trabajo y que ha sido contemplado por una persona razonable familiarizada con toda la situación, como resultado de la exposición ocasionada por la naturaleza del empleo, entonces el daño proviene del empleo. Pero excluye un daño que no puede en justicia ser relacionado con el empleo como una causa próxima contributiva y que resulta de un peligro al cual el trabajador estaría igualmente expuesto fuera de su empleo. El peligro causante del daño debe ser peculiar al trabajo y no un peligro común a la vecindad. Debe ser incidental a la naturaleza del negocio y no independiente de la relación de patrono y empleado. No es necesario que haya sido previsto o esperado, pero después del suceso debe aparecer que el daño tuvo su origen en un riesgo relacionado con el empleo y que provino del mismo como una consecuencia racional.''

En el caso de autos, el obrero residía en el pueblo de Vieques, comprendido dentro de la zona malárica del Este, y allí estuvo expuesto al igual que todos los demás miembros de aquella comunidad al peligro de contraer malaria como consecuencia de las picaduras de los mosquitos. Es cierto que la prueba demostró que en el sitio en donde se estaba construyendo la base había mosquitos, pero también demostró que los había en toda la zona de Vieques. [3] Era a los peticionarios a quienes incumbía probar que el obrero había estado por razón de su empleo sometido a una exposición excepcional; y la prueba ni siquiera demostró que Avelino Portela fuese picado por un mosquito mientras se encontraba trabajando en el sitio donde se construía la base. No habiéndose establecido afirmativamente la relación de causa y efecto entre el empleo y la enfermedad contraída por el obrero, no erró la Comisión Industrial al resolver que los peticionarios no tenían derecho a compensación. Véase: 27 Cal. Jur. secs. 93 y 94, págs. 395 a 397; *San Francisco* v. *Industrial Acc. Com.*, 183 Cal. 273.

*Debe declararse sin lugar el recurso y confirmarse la resolución recurrida.*