ISABEL RODRÍGUEZ DE AGOSTINI, ETC., recurrentes, *v.* COMISIÓN INDUSTRIAL DE PUERTO RICO, ETC., demandada.

*Número:* O-69-157    *Resuelto:* 2 de junio de 1970

*Luis Muñoz Rivera,* abogado de los recurrentes; *Emilio Delgado Roque* y *Milagros Muñiz Bou,* abogados del Administrador del Fondo del Seguro del Estado.

PER CURIAM: Un empleado de un patrono asegurado resultó muerto a causas de unas heridas de bala con motivo de una pelea con otro compañero de trabajo. La pelea surgió en el lugar del empleo en horas laborables. No hubo prueba sobre el origen de la pelea ni los motivos de la misma. El interfecto era cuñado del agresor.

La Comisión Industrial denegó compensación fundándose en que la prueba ofrecida por los beneficiarios del obrero fallecido no demostraba que la muerte proviniera de un acto o función inherente al empleo, y, que ocurriera en el curso y como consecuencia del mismo.

En revisión, señala la recurrente como fundamento de revocación que: (a) la Comisión incidió al resolver que la muerte no estuvo relacionada con el empleo, ya que se presume que el obrero ha muerto en el curso del empleo si la muerte ocurriere en el lugar del empleo; (b) al concluir que no hubo prueba sobre los motivos de la pelea ya que si hubo alguna duda debía resolverse ésta a favor de la compensación, dado el espíritu liberal de la ley.

No tiene razón.

■ La norma con respecto a casos de muerte de trabajadores como consecuencia de actos de agresión por parte de terceras personas, como en el caso de autos, es al efecto de que el accidente no es compensable a menos que por la naturaleza y características del empleo se exponga al obrero a la posibilidad de ser lesionado, o, que la agresión esté en alguna forma relacionada con el empleo. *Ward* v. *Typhoon Air Conditioning,* 277 N.Y.S.2d 315, 317 (1967), *Tiger Motor Company* v. *Winslett,* 176 So.2d 39, 43–44 (1965), *Hartford Accident & Indemnity Co.* v. *Cardillo,* 112 F.2d 11, 15, 16; *cert. den.,* 310 U.S. 649 (1939). Véanse Larson,

I *Workmen's Compensation Law*, sec. 11.00, Schneider, VI *Workmen's Compensation*, sec. 1560, Blair, *Workmen's Compensation Law*, Reference Guide, sec. 9.05. *Cf. Montaner* v. *Comisión Industrial*, 50 D.P.R. 628 (1936); *Rivera* v. *Comisión Industrial*, 57 D.P.R. 654 (1940).

■ Corresponde a los recurrentes el peso de la prueba para demostrar que su caso es compensable bajo la Ley de Compensaciones por Accidentes del Trabajo. *Vélez* v. *Comisión Industrial*, 79 D.P.R. 282 (1956); *Sucn. Portela* v. *Comisión Industrial*, 63 D.P.R. 157 (1944); *Bonilla* v. *Comisión Industrial*, 63 D.P.R. 589 (1944); *Ruiz* v. *Comisión Industrial*, 60 D.P.R. 228 (1942).

■ La recurrente no descargó su obligación de probar su caso sino que se amparó en la norma de que en caso de duda debe dársele el beneficio de ésta a los beneficiarios del obrero fallecido. Dicha norma no es de aplicación al caso de autos. No se trata de un caso de evidencia conflictiva en que haya duda sobre el origen de la pelea, en cuyo caso debe dársele el beneficio de la duda a los beneficiarios del obrero fallecido. Se trata de que no hubo prueba alguna sobre el origen y motivo de la pelea. Los tres testigos que depusieron ante la Comisión, Tomás Camacho, Millie Rosado Talavera y María Cristina Zayas, declararon que no vieron como ocurrió la pelea y que no sabían nada sobre el origen de la misma. La Comisión no podía darle el beneficio de la duda a los beneficiarios sobre prueba inexistente.

El caso de *Cardona* v. *Comisión Industrial*, 56 D.P.R. 847 (1940), como bien señala la Comisión Industrial, es claramente distinguible del de autos. Allí se trataba de un accidente ocurrido en horas laborables cuando el chofer de un camión llamó a su ayudante para mover el vehículo, al éste no responderle, movió él mismo el camión y le pasó por encima al ayudante.

*No habiéndose cometido los errores señalados, se confirma la resolución dictada por la Comisión Industrial en este caso.*

El Señor Juez Presidente no intervino. El Juez Asociado Señor Santana Becerra concurrió con el resultado.