# 95 DTA 61

**TRIBUNAL DE CIRCUITO DE APELACIONES
CIRCUITO REGIONAL DE PONCE Y AIBONITO**
Panel 1

GEORGINA ALICEA CRUZ
Apelante

v.

CLASSIC FASHIONS, INC., MARGARITA VEGAS DE PLANAS
Y LA SOCIEDAD LEGAL DE GANANCIALES
COMPUESTA POR ESTA Y FULANO DE TAL,
Apelados

Núm. KLAN-95-00014

San Juan, Puerto Rico, a 6 de abril de 1995

Panel integrado por su presidente, Juez Brau Ramírez,
y los Jueces Amadeo Murga y Rodríguez Maldonado

Brau Ramírez, Juez Ponente

[black redaction bars]

## TEXTO COMPLETO DE LA SENTENCIA

### I

El presente recurso de apelación fue presentado el 17 de julio de 1994 ante el Tribunal Superior, Sala de Ponce, y posteriormente referido a este Tribunal, conforme el artículo 9.004(b) de la Ley de la Judicatura de Puerto Rico de 1994 y la Orden Administrativa Núm. XIII emitida el 23 de enero de 1995 por el Juez Presidente del Tribunal Supremo de Puerto Rico.

Se recurre de una sentencia sumaria parcial dictada el 26 de abril de 1994 por el Tribunal de Distrito, Sala de Ponce, desestimando la demanda de daños y perjuicios presentada por la parte apelante, Georgina Alicea Cruz contra los apelados Classic Fashions, Inc. *("Classic Fashions")*, Margarita Vega de Planas y la sociedad legal de gananciales compuesta por ésta y su esposo de nombre desconocido denominado Fulano De Tal. La demanda en cuestión estaba basada en una agresión recibida por la apelante a manos de otra empleada en el lugar de empleo de ambas en las facilidades de Classic Fashions, en presencia de la Sra. Vega de Planas, quien fungía en ese momento como gerente general de la compañía y a quien se imputaba que no había tomado las medidas necesarias para proteger la seguridad de la apelante. El Tribunal concluyó que se trataba de un accidente del trabajo cubierto por la Ley de Compensaciones por Accidentes del Trabajo, Ley Núm. 45 de 18 de mayo de 1935, según enmendada, 11 L.P.R.A. secs. 1 y ss., y que Classic Fashions estaba cobijada por la inmunidad patronal establecida por el artículo 20 de la Ley, 11 L.P.R.A. sec. 21. Concluyó además que no existía causa de acción contra los otros codemandados, por tratarse de la alegada violación de un deber indelegable del patrono.

La apelante solicitó determinaciones de hechos adicionales y reconsideración, siendo ambas solicitudes denegadas el 13 de mayo de 1994. Inconforme con este dictamen, la parte apelante presentó el presente recurso.

### II

En síntesis, la apelante señala que el Tribunal de Instancia erró al dictar sentencia sumaria existiendo una controversia real sustancial de hechos y al determinar que la agresión recibida por la apelante es un accidente compensable bajo la Ley de Compensaciones por Accidentes del Trabajo. No tiene razón.

El artículo 20 de la Ley de Compensaciones por Accidentes del Trabajo, 11 L.P.R.A. sec. 21, establece una inmunidad, a favor de todo patrono asegurado, contra cualquier reclamación por daños y perjuicios instada por un trabajador a consecuencia de una lesión que pudiese ser considerada como un *"accidente del trabajo"* cubierto por los beneficios de dicha Ley. *Pacheco Pietri v. Estado Libre Asociado,* \_\_\_D.P.R. \_\_\_ (1993), **93 J.T.S. 117**, a la pág. 10,982.

Interpretando dicho precepto, el Tribunal Supremo de Puerto Rico ha sostenido repetidamente que las lesiones producidas a empleados por actuaciones intencionales de otros trabajadores o de terceros no están excluidas del palio de la Ley, siempre y cuando existía una conexión suficiente entre la agresión y el empleo. Véanse, *Rodríguez v. Comisión Industrial*, 99 D.P.R. 121 (1970); *Cardona Velázquez v. Comisión Industrial*, 90 D.P.R. 257 (1964); *Atiles, Admor. v. Com. Industrial y Sucn. Alvarez*, 73 D.P.R. 15 (1952); *Montaner, Admor. v. Comisión Industrial*, 50 D.P.R. 628 (1936).

Recientemente, en *Ortiz Pérez v. Fondo del Seguro del Estado*, ___ D.P.R. ___ (1994), **94 J.T.S. 133**, el Tribunal Supremo de Puerto Rico aclaró, en cuanto a las lesiones producidas por agresiones llevadas a cabo por compañeros de empleo, que las mismas generalmente quedan cubiertas por la Ley cuando han surgido de una riña en la cual el empleado lesionado no ha sido el agresor, y la pelea ocurrió por razón del trabajo. *Id.*, a la pág. 357.

El Tribunal Supremo también consideró agresiones de tipo *"neutral"* o inexplicable, exponiendo las circunstancias en que éstas pueden considerarse como un accidente del trabajo. El Tribunal resolvió que dichas agresiones caen bajo la cubierta de la Ley si se establece que: (1) el incidente que dio lugar a la reclamación ocurrió durante el curso de las labores del empleado, (2) la agresión no fue consecuencia de una animosidad personal o de índole privada, y (3) los motivos de la agresión son inexplicables. *Id.*, a la pág. 357.

En el caso de autos, según se desprende de los autos, la demanda enmendada presentada por la apelante alegaba que:

"......

*4. Para el día 28 de julio de 1992 y en horas de la mañana la demandante se hallaba trabajando en la Fábrica Classic Fashions ubicada en el Barrio El Tuque de Ponce, Puerto Rico. Ese mismo día y en horas de la mañana a la demandante le comunica la co-demandada, Margarita Vegas de Planas, Gerente General de Classic Fashions, Inc., que pase por la oficina de la compañía para dialogar con la gerente general de la fábrica y otra empleada. La demandante desconocía lo que contenía dicho diálogo, pero una vez en la oficina de la compañía y sin provocación alguna la demandante es agredida varias veces ante la vista de la co-demandada, Margarita Vegas de Planas, Gerente General, con un objeto pesado por la co-demandada, Nery Vázquez Delgado. Como consecuencia de las agresiones, recibe un fuerte golpe que a su vez que le ocasionan [sic] una herida profunda en la parte superior de la cabeza lo cual ocasiona que la demandante se desmaye, a todo esto, la codemandada, Margarita Vegas de Planas, Gerente General de la compañía Classic Fashions, Inc., se mantuvo distanciada de la situación sin realizar esfuerzo alguno para evitar la agresión que realizaba la co-demandada, Nery Vázquez Delgado, en contra de la demandante y la cual ocurría en las oficinas gerenciales de la compañía Classic Fashions, Inc.*

*5. No empece a las actuaciones agresivas cometida [sic] por la co-demandada, Nery Vázquez, la co-demandada, Margarita Vegas de Planas, Gerente General de la Fábrica Classic Fashions, Inc., no realizó acción disciplinaria alguna en contra de la co-demandada Nery Vázquez Delgado, en aquel momento imputándole de forma falsa e humillante en todo momento a la demandante, que las consecuencias por las cuales había sido agredida eran productos de las actuaciones impropias de la demandante a pesar de ocurrir dicha agresión en las oficinas de Classic Fashions, Inc. y ser la co-demandada, Margarita Vegas de Planas, Gerente General de la fábrica, quien llamara a la demandante a las oficinas, beneficiando en todo momento a la agresora la co-demandada, Nery Vázquez Delgado.*

......

*9. La acción agresiva de la co-demandada, Nery Vázquez Delgado, no fue el producto de provocación alguna por parte de la demandante, Georgina Alicea Cruz, siendo en todo momento actuaciones intencionales y maliciosas de la codemandada Nery Vázquez Delgado, actuaciones aprobadas y premiadas por la codemandada, Classic Fashions, Inc., quien fuera la persona a través de su representante, la co-demandada, Margarita Vegas de Planas, Gerente General, quienes crearon la atmósfera para tal agresión.*

*.........*

*10. La co-demandada, Classic Fashions, Inc., es responsable solidariamente de los daños y perjuicios causados por sus dependientes y empleados cuando actúen dentro de las atribuciones de sus empleos o cuando éstos reciban beneficio económico de aquellos.*

*........*

*12. La co-demandada, Classic Fashions, Inc., como patrono es responsable vicariamente de los actos negligentes y culposos cometidos por sus empleados, los cuales son realizados en curso normal de sus labores como empleado."*

La moción de sentencia sumaria presentada por los apelados, por otro lado, aunque apoyada en las propias alegaciones de la demanda, también incluía, entre otros documentos, un informe del incidente, preparado a manuscrito por Moisés Pabón González, delegado de la International Ladies Garment Worker's Union *("ILGWU"),* quien había estado presente en el suceso. El informe del Sr. Pabón relataba:

*"julio 17/92*

*Viernes por la tarde Margarita me llama a la oficina. Me da la queja que dos empleadas habían discutido en el área de trabajo y que la Sra. Georgina Román había traído a su hija. Que cuando llegó la hija de doña Georgina Román a la fábrica, la Sra. Margarita Vega no le permitió entrar a la planta, y le dijo a la Sra. Román que en su hora libre ella podía hablar con ella. Luego la Sra. Margarita Vega me dijo que el lunes cuando las dos señoras vinieran a trabajar nos reuniéramos y dialogáramos con ellas para saber cuál era el problema y hacerle una advertencia ya que estaban buscándose una suspensión de una semana.*

*julio 20/92*

*Lunes 6:10 a.m. La señora Margarita Vega me llamó a la oficina, cuando yo llegué a la oficina, la Sra. Nery Vázquez estaba sentada; en la oficina. La Sra. Vázquez me explica que tiene un problema y que quiere que yo como delegado de la Unión lo sepa. Yo le dije que me explicara el problema y me dijo que quería resolver el problema con el diálogo con la otra Sra. La Sra. Vega me pregunta: "¿quieres que llame a Gina?" Yo le contesto: "si llámela", entonces la Sra. Margarita la llamó y la Sra. Gina vino a la oficina. La Sra. Vega le dijo que pasaran a la otra oficina. Entonces procedimos a entrar las cuatro personas a la oficina, entonces se sientan una a cada lado de la mesa. La Sra. Vega se sienta en un extremo de la mesa y yo me siento en el otro.*

*La Sra. Nery Vázquez me empieza a explicar el problema del viernes. Mientras la Sra. Vázquez me va explicando lo que sucedió, la otra Sra. (Gina) interrumpe y me dice que eso que la Sra. Vázquez dice no fue así. De momento empesaron [sic] a hablar las dos a la vez. Es entonces que la Sra. Margarita Planas le dice a la Sra. Gina que espere su turno, que yo las voy a escuchar a las dos partes. La Sra. Gina se calma y la Sra. Vázquez continúa explicando, vuelve de nuevo la Sra. Gina e interrumpe de nuevo y es entonces cuando se forma una discusión. Cuando la Sra. Gina interrumpe ella alega que lo que está diciendo la*

*Sra. Vázquez es mentira, la Sra. Vázquez le contesta que la mentirosa es ella, una a la otra se acusan de insultos y malas palabras, entonces la Sra. Gina le dice a la Sra. Vázquez que ella fue quién la insultó y le dijo palas [sic] palabras.*

*La Sra. Vázquez le dice: "¿Cómo tu dices? Embustera, yo en ningún momento te he dicho palas [sic] palabras." Vuelve la Sra. Gina y se reafirma en lo dicho (están en discusión). Yo como delegado les pido que por favor se calmen, que de esa forma no vamos a llegar a nada. En esa discusión que tienen ambas, la Sra. Vázquez tiene tanto coraje que le tira de un lado de la mesa al otro con una cartera (tipo viajera), lo que conocemos como una estuchera de hombre. La cartera le pegó en el cuerpo a la Sra. Gina, en ese momento la Sra. Vázquez da la vuelta y se dirige hacia la Sra. Gina. Yo, al percatarme de la situación me adelanto y me sitúo entre ambas mujeres y le dijo [sic] a la Sra. Vázquez que se controle. En ese momento, la Sra. Vázquez saca su mano por encima de mi persona y agrede de nuevo a la Sra. Gina.*

*Yo estoy en medio del forcejeo. Logro separarlas de nuevo. Cuando cambio la vista hacia la Sra. Gina, ella está con la cara ensangrentada. Entonces me dirijo en su ayuda, se forma un corre corre. La Sra. Gina se mira las manos que tienen sangre y se desmaya. La Sra. Margarita sale de la oficina y le pide a una supervisora que lleve a la Sra. Gina al Hospital, mientras la Sra. Vázquez esperaba en la oficina.*

*Después que se llevaron a la Sra. Gina al hospital, regresé a la oficina. Es entonces que la Sra. Margarita Vega me comunica que ambas empleadas estaban suspendidas. Yo le contesté que me diera la oportunidad de bregar con el caso, porque todo había sucedido tan rápido que no estaba acto [sic] para tomar juicio en cuanto a las suspensiones se refería, que me iba a comunicar con el Sr. Angel Díaz para bregar el caso. Y así se hizo. El Sr. Angel Díaz me dijo que hiciera un informe a las oficinas de la Unión (ILGWU).*

*julio - 23 - 92*
*fdo. Moises Pabón*
*Delegado - ILGWU"*

(alguna puntuación suplida).

Este informe no fue controvertido por la parte apelante.█ A base del mismo --y aún de las propias alegaciones de la demanda enmendada-- entendemos que el Tribunal de Distrito actuó correctamente al desestimar la demanda contra los apelados.

En efecto, según surge del récord, la agresión ocurrida en el presente caso tuvo, como trasfondo inmediato, una reunión convocada en su oficina por la Sra. Vega de Planas, con el propósito de investigar y dilucidar una controversia entre dos empleadas. Se convocó a dicha reunión al delegado de la Unión, en vista de la posibilidad de que se tomasen medidas disciplinarias contra las empleadas. La presencia de la apelante en el lugar obedeció, de este modo, al descargo de sus obligaciones como empleada de Classic Fashions. La agresión se suscitó cuando las empleadas se confrontaron al tratar de ofrecer sus versiones sobre el incidente anterior. Aunque la apelante participó de la discusión, no puede decirse que ella iniciara la agresión. *Ortiz Pérez v. Fondo del Seguro del Estado*, **94 J.T.S. 133**, a la pág. 356.

Los motivos de la animosidad entre ambas empleadas no fueron alegados en la demanda ni surgen, de otro modo, del informe del Sr. Pabón. Dado el tipo de reunión envuelta, sin embargo, era previsible que la misma podía generar tensión entre las protagonistas, dando lugar a un exabrupto, como de hecho ocurrió. Véase, Arthur Larson, *The Law of Workmen's Compensation*, Vol. 1, MathewBender & Co., 1993, a las págs. 3-208 y ss. En el presente caso se cumplen los requisitos delineados en *Ortiz Pérez v. Fondo del Seguro del Estado, supra,* y la otra jurisprudencia del Tribunal Supremo de Puerto Rico citada anteriormente, para considerar la lesión como una cubierta por la Ley de Compensaciones por Accidentes

del Trabajo.

La parte apelante plantea que no recibió tratamiento de parte del Fondo del Seguro del Estado. Pero esto no es lo determinante. Compárese, *Pacheco Pietri v. Estado Libre Asociado, supra.* Tratándose de una lesión producida dentro del contexto del empleo, la apelante hubiera tenido derecho a los beneficios de la Ley. Este era su remedio exclusivo, en cuanto a las partes apeladas. *Admor. F.S.E. v. Flores Hnos. Cement Prods.,* 107 D.P.R. 789, 792 (1978).

La Regla 36.3 de las de Procedimiento Civil, 32 L.P.R.A. Ap. III, R. 36.3, autorizaba al Tribunal de Instancia a dictar sentencia sumaria si de las alegaciones, deposiciones, contestaciones a interrogatorios y admisiones ofrecidas, en unión a las declaraciones juradas, si las hubiere, quedaba demostrado que no existía controversia real sustancial en cuanto a ningún hecho material y que como cuestión de derecho debía dictarse sentencia sumaria a favor de la parte promovente. Véanse, *H.M.C.A. y Olivera Mariani v. Colón Carlo Contralor,* ___ D.P.R. ___ (1993), **93 J.T.S. 112**, a la pág. 10,946; *Colegio de Ingenieros y Agrimensores de Puerto Rico v. Autoridad de Acueductos y Alcantarillados,* ___ D.P.R. ___ (1992), **92 J.T.S. 137**, a la pág. 10,025.

En el presente caso, según indicado, tanto el informe del delegado de la Unión como las propias alegaciones de la demanda enmendada sugerían que el incidente en cuestión era uno conectado con las gestiones de su empleo de la apelante. Es cierto que el informe del delegado no estaba juramentado o certificado, según requerido bajo la Regla 36.5 de las de Procedimiento Civil. Sin embargo, este requisito no es indispensable cuando no se ha levantado controversia alguna sobre la autenticidad de esta evidencia. Compárense, e.g., *H. Sand & Co. v. Airtemp Corp.,* 934 F.2d 450, 454 (2d Cir. 1991); *Catrett v. Johns-Manville Sales Corp.,* 826 F.2d 33 (D.C. Cir. 1987); *United States v. "Monkey",* 725 F.2d 1007, 1011 n. 4 (5th Cir. 1984); *Townsend v. Columbia Operations,* 667 F.2d 844, 849 (9th Cir. 1982); véase, además, Wright, Miller & Kane, *Federal Practice and Procedure,* Vol. 10A, 2da edición, St. Paul, West Publishing Co., 1983, a la pág. 60.

El informe en cuestión, por otro lado, hubiera sido, a nuestro juicio, admisible en evidencia, como un récord de negocios, bajo la Regla 65(F) de las de Evidencia, 32 L.P.R.A. Ap. IV, véase, e.g., *H.R. Stationery Inc. v. E.L.A.,* 119 D.P.R. 129 (1987), que es el estándar contemplado por la Regla. Véase, *Medina Morales v. Merck, Sharp & Dohme Química de Puerto Rico Inc.,* ___ D.P.R. ___ (1994), **94 J.T.S. 52**, a la pág. 11,786.

En cualquier caso, las propias alegaciones de la demanda daban base para apoyar la moción de los apelados. Estas alegaciones, según hemos visto, imputaban responsabilidad a Classic Fashions por las actuaciones de sus empleados *"dentro de las atribuciones de sus empleos"* en el *"curso normal de sus labores".* Cabe hacer hincapié que, conforme la Regla 36.5, para derrotar una solicitud de sentencia sumaria la parte opositora debe presentar contradeclaraciones juradas y contradocumentos que pongan en controversia los hechos presentados por el promovente. *Tello Rivera v. Eastern Airlines,* 119 D.P.R. 83, 87 (1987). En este caso, la parte apelante en momento alguno ha insinuado que el contexto de la agresión fuese uno distinto al que revela el informe del delegado de la Unión. En estas circunstancias, el Tribunal actuó correctamente al dictar sentencia sumaria parcial.

Tampoco erró el Tribunal al desestimar la demanda en cuanto a la Sra. Vega, su marido y la sociedad de bienes gananciales compuesta por ambos. Según ha resuelto el Tribunal Supremo de Puerto Rico, la obligación de proveer un lugar seguro de trabajo, libre de agresiones, recae sobre el patrono. Es éste quien tiene el deber indelegable de proveer un lugar de trabajo libre de riesgos para sus empleados, no existiendo una base independiente para reclamar por una violación a este deber contra un supervisor. *Rivera Santana v. Superior*

*Packaging Inc.,* ___ D.P.R. ___ (1992), **92 J.T.S. 165**, a la pág. 10,168.

Por los fundamentos expresados se confirma la sentencia sumaria parcial recurrida. Lo acordó el Tribunal y lo certifica la señora Secretaria General.

María de la C. González Cruz
Secretaria General

### ESCOLIOS 95 DTA 61

**1.** El Tribunal de instancia concedió un plazo a la parte apelante de oponerse a la moción de sentencia sumaria presentada por los apelados. No obstante, la apelante no presentó su oposición sino hasta después de expirado el término que le concediera el Tribunal de instancia y luego de que el Tribunal hubiera emitido su sentencia sumaria parcial. Ni la declaración jurada sometida por la apelante, ni los otros documentos posteriormente sometidos en apoyo a la moción de reconsideración de dicha parte contradicen el relato del Sr. Pabón en cuanto a las circunstancias en que se suscitó la agresión. Dicho relato, por su parte, es del todo consistente con lo alegado en la demanda enmendada.

**2.** Del récord no se desprende que la Sra. Vega de Planas efectivamente estuviera casada. No surge que se hubiera emplazado a su esposo.