ADD JACKSON

v.

RATCLIFF CONCRETE COMPANY AND
LUMBERMANS MUTUAL INSURANCE COMPANY

No. 1477-88-4

Decided August 22, 1989

COUNSEL

Todd D. Bunn (Thacher, Swiger, Sweeny & Day, on brief), for appellant.

John D. McGavin (Lewis, Tydings, Bryan & Trichilo, P.C., on brief), for appellee.

OPINION

**BENTON, J.**—Add Jackson contends that the Industrial Commission erred in concluding that his injuries did not arise out of and in the course of his employment at Ratcliff Concrete Company. We disagree and affirm.

On October 5, 1987, Jackson was among several employees who were finishing concrete at a Ratcliff Concrete job site in Centerville, Virginia. Jackson was told to stop work at 7:00 p.m. Because some work remained to be done, Mike Ratcliff, the owner of the business, instructed Patrick Casey to stay and complete the work. Although he was not asked to stay, Jackson testified that he informed Ratcliff that he wanted to stay on the job site with his friend Casey and that he would ride home with Casey. According to Jackson, Ratcliff specifically informed Jackson that he was "off the clock," which Jackson understood to mean that he was not going to be paid.

After the others left, Jackson began to assist Casey in order to speed his departure. While brooming the concrete, Jackson moved backward to the edge of a platform and fell approximately seventeen feet to the ground. As a result, Jackson sustained a fractured medial malleolus of the right ankle and a mild compression fracture of the thoracic spine.

On this evidence, the deputy commissioner found that Jackson had proved by a preponderance of the evidence that the accident arose out of and in the course of employment. The full commission reversed, finding that Jackson had stayed after his paid working hours for his own convenience and had therefore become a volunteer serving no purpose of his employer.

■ An injury occurs in the course of employment when it occurs within the period of employment at a place where the em-

ployee may reasonably be expected to be in the discharge of his duties or doing something reasonably incidental thereto. *Lucas v. Lucas*, 212 Va. 561, 563, 186 S.E.2d 63, 64 (1972). The question here is whether an employment relationship between Jackson and Ratcliff Concrete existed at the time of the accident, such that the discharge of his duties as an employee caused Jackson to be in the place he was at the time of the accident and injury. If it did, the injury is compensable under the Act. *See Lucas*, 212 Va. at 563, 186 S.E.2d at 64.

Under Code § 65.1-4, the term "employee" includes "every person, including a minor, in the service of another under any contract of hire or apprenticeship, written or implied. . . ." A "contract for hire" is an agreement whereby an employee provides labor or personal services to an employer in exchange for wages, remuneration or some other thing of value from the employer. *Charlottesville Music Center, Inc. v. McCray*, 215 Va. 31, 35, 205 S.E.2d 674, 677 (1974). However, "when services or labor are rendered voluntarily without a promise of compensation or remuneration of any kind, express or implied, then the one providing the services or labor has supplied them gratuitously and is not covered by the Act." *Id.* at 35, 205 S.E.2d at 678.

In the present case, Jackson was not asked to stay behind and assist Casey. Jackson requested to remain and was informed that he was "off the clock." Jackson understood that he would not be paid for or receive benefits in return for remaining on the job site. He also knew that he would not be paid for his gratuitous efforts in assisting Casey. His motivations for spending time off duty with his friend and co-worker were purely personal. The evidence supports the commission's finding that Jackson did not stay to serve any purpose of his employer. We conclude, therefore, that Jackson was not acting as an employee when the injury occurred, but was, at best, a volunteer. Consequently, we hold that no employment relationship existed at that time which caused Jackson to be at the job site after hours in the discharge of his duties, and we affirm the full commission's determination that Jackson's injuries did not arise out of and in the course of his employment with Ratcliff Concrete.

*Affirmed.*

Koontz, C.J., and Duff, J., concurred.