COURT OF APPEALS OF VIRGINIA


Present:  Judges Bray, Annunziata and Overton


CHARLES ALAN STATON

v.   Record No. 0338-96-3                  MEMORANDUM OPINION[*]
                                                PER CURIAM
THOMAS E. CONNER T/A                        AUGUST 6, 1996
 TONY E. CONNER ROOFING & GUTTERING
 AND UNINSURED EMPLOYER'S FUND

            FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

                (John P. Vita, on brief), for appellant.

                (James S. Gilmore, III, Attorney General;
                Robert L. Walker, Assistant Attorney General;
                John J. Beall, Jr., Assistant Attorney
                General, on brief), for appellee Uninsured
                Employer's Fund.

                No brief for appellee Thomas E. Conner t/a
                Tony E. Conner Roofing & Guttering.


     Charles Alan Staton ("claimant") contends that the Workers'

Compensation Commission ("commission") erred in finding that (1)

he was not working as an employee of Thomas E. Conner t/a Tony E.

Conner Roofing & Guttering ("Conner Roofing") when he sustained

his August 13, 1993 injury by accident; and (2) his participation

on a softball team sponsored by Conner Roofing was not so closely

tied to his employment as to require a finding that his August

13, 1993 injury by accident arose out of and in the course of his

employment.  Upon reviewing the record and the briefs of the

parties, we conclude that this appeal is without merit.

_____
        [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

Accordingly, we summarily affirm the commission's decision. Rule 5A:27.

On appeal, we view the evidence in the light most favorable to the prevailing party below. R.G. Moore Bldg. Corp. v. Mullins, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990). Claimant bore the burden of proving that an employer/employee relationship existed on August 13, 1993 at the time of his industrial accident. Craddock Moving & Storage Co. v. Settles, 16 Va. App. 1, 3, 427 S.E.2d 428, 430 (1993), aff'd, 247 Va. 165, 440 S.E.2d 613 (1994). Unless we can say as a matter of law that claimant's evidence sustained his burden of proof, the commission's findings are binding and conclusive upon us. Tomko v. Michael's Plastering Co., 210 Va. 697, 699, 173 S.E.2d 833, 833 (1970).

"'[W]hen services or labor are rendered voluntarily without a promise of compensation or remuneration of any kind, express or implied, then the one providing the services or labor has supplied them gratuitously and is not covered by the Act.'" Jackson v. Ratcliff Concrete Co., 8 Va. App. 592, 594, 382 S.E.2d 494, 495 (1989) (quoting Charlottesville Music Ctr., Inc. v. McCray, 215 Va. 31, 35, 205 S.E.2d 674, 678 (1974)).

The commission ruled that claimant failed to prove that an employer/employee relationship existed between him and Conner Roofing at the time of his injury by accident. In so ruling, the

commission found that claimant was not Conner Roofing's employee, but rather, he was "a volunteer working in a joint enterprise with the other members of the softball team" when his industrial accident occurred.

This finding is supported by the testimony of claimant, Miller, Montgomery, Cooper, Clark, and Conner. Their testimony established that Conner did not pay any of the workers, including claimant, for their time spent working on August 13, 1993 on the Sorrells' roofing job. The record supports the commission's finding that the claimant and the other workers performed the Sorrells' job as a fund-raising project to benefit the softball team, and the workers used the money earned from the job to pay softball team expenses.

The record supports the commission's finding that claimant voluntarily rendered his services to perform the Sorrells' roofing job without receiving compensation or wages from Conner Roofing. Accordingly, the commission did not err in finding that claimant was a volunteer and was not Conner Roofing's employee at the time of his August 13, 1993 injury by accident, which occurred while he worked on the Sorrells' job.

## II.

A finding by the commission that an injury did not arise out of and in the course of employment is a mixed finding of law and fact and is properly reviewable on appeal. City of Richmond v. Braxton, 230 Va. 161, 163-64, 335 S.E.2d 259, 261 (1985).

3

"We [have held] that an injury sustained as a result of recreational activity arises out of employment only when the activity is an accepted and normal activity within the employment." Mullins v. Westmoreland Coal Co., 10 Va. App. 304, 307, 391 S.E.2d 609, 611 (1990).

> The dispositive question is whether the . . . recreational function is so closely associated with the employment to be considered an incident of it. Among the other factors which bear upon that determination . . . are the degree to which the employer derives a benefit from the activity, the degree of sponsorship and participation by the employer, whether the activity occurs on premises associated with the employment, when the activity occurs in relation to work, and the frequency or period over which the activity has been conducted.

Kim v. Sportswear, 10 Va. App. 460, 465-66, 393 S.E.2d 418, 421 (1990).

Conner Roofing's sole involvement with the softball team was to pay entry fees. No evidence showed that Conner Roofing required or actively encouraged its employees to play on the softball team or to work on softball team jobs. In fact, some of the players on the team were not employed by Conner Roofing. No evidence showed that pay, advancement, or benefits were in any way connected to team membership. In addition, no evidence indicated that Conner Roofing derived any substantial benefit from the softball team, other than possible publicity caused by having the company name on the player's hats. The team was organized by and consisted of voluntarily participating employees

4

and non-employees, and it was not a part of Conner Roofing's business activities.  Conner Roofing limited its role to financial sponsorship of entry fees.

Based upon this record, we conclude that the commission did not err in finding that claimant's evidence did not sustain his burden of proving that his injury arose out of and in the course of his employment.

For these reasons, we affirm the commission's decision.

<u>Affirmed.</u>